JAMES COOK *v.* COMPENSATION COMMISSIONER

(No. 7558)

Submitted February 14, 1933. Decided February 21, 1933.

*England & Ritchie,* for relator.

*H. B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

WOODS, JUDGE:

James Cook, who, on December 21, 1929, had his left ankle crushed in a slate fall, was granted a 20% partial permanent disability rating, the payments under the award expiring July 10, 1931. After much importuning on the part of the claimant, beginning within the year following the last payment, the commissioner finally refused to consider a petition, and attached exhibits, filed on January 3, 1933, on the ground

that his jurisdiction in the premises was at an end. Citing Code 1931, 23-4-16. Thereupon, the present petition in mandamus was presented to this court, praying that the commissioner be required to grant claimant a hearing, as provided in Code 1931, 23-5-1.

In the case of *Bonner* v. *Commissioner*, 110 W. Va. 38, 156 S. E. 847, this court held: "When the State Compensation Commissioner has passed upon a claim and later proper representations are made to him of a progressive and aggravated condition of the injury not considered by him at his finding, he should reopen the case, provided his jurisdiction thereof has not ended." To like effect: *Yacomolish* v. *Commissioner*, 110 W. Va. 79, 157 S. E. 45. In the foregoing cases, the injuries occurred prior to the passage of the act of 1929. In the *Bonner* case, the court said: "Code, 1923, chapter 15P, section 40, expressly confers on the commissioner continuing jurisdiction over each case, with the power to make from time to time such modifications of former findings as may be justified. This jurisdiction is not impaired by the amendment of 1929, as to cases originating prior to the amendment. *Jenkins* v. *Commissioner*, 107 W. Va. 287, 148 S. E. 117."

It appears from the record that on November 8, 1932, additional ex parte evidence having been submitted prior thereto, claimant was advised by letter that "after considering all the evidence filed, the commissioner is of opinion that with payments already made, you have been fully compensated for the disability arising on account of the injury set up in this claim, and that your claim stands closed as of the date of the last payment" (July 10, 1931). Such ruling, in absence of objection, became final after ten days' notice to the interested party. *Enyart* v. *Commissioner*, 109 W. Va. 613; *Lane* v. *Commissioner*, 112 W. Va. 205, 164 S. E. 24. Without deciding whether on timely objection, the commissioner could have granted a hearing thereon (more than a year having elapsed since the last award), we believe that the ruling of November 18, 1932, having become final, clearly placed the new petition of January 4, 1933, beyond the one-year limitation of Code 1931, 23-4-16.

The writ is accordingly denied.

*Writ denied.*