JOHN MADDEN *v.* STATE COMPENSATION COMMISSIONER *et al.*

(No. 7575)

Submitted April 11, 1933. Decided April 18, 1933.

*Wm. S. John,* for appellant.

*Homer A. Holt,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent.

KENNA, JUDGE:

John Madden was injured September 15, 1929, while in the employ of Pursglove Coal Mining Company. The required report and application for compensation were filed in due time. Temporary disability award was made and three payments thereunder were remitted. When the payments ceased, a record was made in the office of the compensation commissioner showing the case closed as of January 7, 1930. The last payment went forward January 10, 1930, according to the commissioner's record.

After this had occurred, there were a great many examinations made of claimant, who was suffering from a head injury claimed by him to be a fractured skull, by different physicians and different conclusions reached. These were all forwarded to the compensation commissioner in an effort to re-open and have re-considered his claim for compensation. The file is filled with letters from the claimant and his attorneys and correspondence between them and the compensation commissioner. The claimant was duly notified by the commissioner that his claim was closed as of the date of the last payment of January 10, 1930. A letter to this effect was written June 14, 1930, to Dr. J. W. Hartigan, Morgantown, West Virginia, a copy of which was sent to Mr. Minter L. Wilson, attorney at law, Morgantown, West Virginia, representing the claimant, under date of July 30, 1930. On June 22, 1931, a letter was addressed to the claimant himself informing him that his claim stood closed "as of the date of the last payment". On November 17, 1931, a letter to the same effect was sent to Mr. Richard E. Davis, attorney at law, Mor-

gantown, West Virginia, who at that time evidently represented claimant, notifying him that the case stood closed. Under date of November 19, 1931, another letter was addressed to claimant to the same effect. This letter was confirmed by still another letter to claimant under date of December 21, 1931. After all of this had occurred, the commissioner ordered a hearing which was held, and under date of December 15, 1932, an order was entered reciting that the disability was not shown to be the result of the injury and that claimant having been fully compensated the case was closed.

It is now urged that the commissioner, under section 16, article 4 of chapter 23, Code 1931, completely lost jurisdiction of the case after two years from the date of the final payment for temporary disability. The provision of that section, after stating that the jurisdiction of the commissioner shall be continuing, makes the following proviso by way of qualification: "Provided * * * that no further award may be made * * * in cases of non-fatal injuries, except within two years after payments for temporary disability shall have ceased * * *."

This section has been interpreted by this court in the case of *Cook* v. *Compensation Commissioner*, 113 .W. Va. 370. 168 S. E. 369. It was there held that after the expiration of one · year from the last payment (that being the limitation in a permanent disability case which was under consideration in that decision) the commissioner had no jurisdiction to re-open a case of permanent disability. It necessarily follows that the provision in question, a part of the same section, must be given the same application. For this reason, we can do nothing but hold that the commissioner, on December 15, 1932, when he attempted to re-open this case, award a hearing and again decide it, had lost jurisdiction.

We feel constrained to comment further that even treating the order of the commissioner entered December 15, 1932, as within the jurisdiction of the commissioner, we still could not find in this record such a clear preponderance of proof in favor of the claimant as would justify us in setting aside that finding. There is little to be considered excepting the medical testimony based upon the various examinations of the

claimant. This was in conflict, and was all based upon the supposition, in so far as the claimant's testimony was concerned, that the claimant suffered a fractured skull at the time of injury. This very question is thrown in doubt by the medical testimony. Furthermore, even supposing the fact of a fractured skull to have been established, there is decided variance in the opinions of the doctors as to whether that fact would account for his disability. Even supposing, therefore, that we were disposing of the case here upon its merits, we fail to see an adequate basis for disturbing the finding of the commissioner.

For the reasons stated, the appeal is dismissed.

*Dismissed.*