EARL BLOSSER

*v.*

STATE COMPENSATION COMMISSION, *et al.*

(No. 10073)

Submitted September 1, 1948.   Decided

December 7, 1948.

*Amos & Amos* and *Robert W. Lowe,* for appellant.

*Louis D. Meisel,* for appellee.

HAYMOND, JUDGE:

This is an appeal by the employer, Bethlehem Collieries Company, formerly Industrial Collieries Corporation, from an order of the Workmen's Compensation Appeal Board of April 10, 1948, affirming an order of the State Compensation Commissioner of January 6, 1948, refusing to reopen a case in which its employee, Earl Blosser, was awarded permanent total disability on July 3, 1946. The commissioner denied the application of the employer to reopen the case and modify the award under Sections 1-c and 1-d, Article 5, Chapter 137, Acts of the Legislature, 1939, Regular Session, on the ground that a proper showing to reopen the case had not been made by the application of the employer. Upon the petition of the employer this appeal was granted by this Court on May 24, 1948.

The employee, Earl Blosser, on October 16, 1939, when thirty six years of age and while working for his employer, Industrial Collieries Corporation, in its mine No. 21, at Dellslow, West Virginia, was seriously injured in attempting to escape contact with a derailed mine car. He was caught between the moving car and a nearby rib or pillar in the mine. Both of his legs were skinned and bruised from his knees to his hips, his right femur was fractured about six inches above his right knee and his thumb on his left hand was dislocated. His right leg did not respond to treatment and, after having been placed on a temporary total disability basis, which contined for seventy eight weeks, he was awarded twenty-five per cent permanent partial disability on April 24, 1941. After an examination and a report of a physician, made at the request of the commissioner, an additional award of twenty per cent which increased the previous award to forty five per cent permanent partial disability was made on November 7, 1941. The examining physi-

cian reported severe disability of the claimant due to his shortened leg accompanied by angulation of the femur and advised an operation which the claimant declined to undergo. Upon successive applications of the claimant, which were supported by proof, his permanent disability rating was increased by additional awards to fifty five per cent on October 19, 1943, sixty five per cent on January 28, 1944, eighty five per cent on January 17, 1945, and finally to permanent total disability which, under the statute, entitles the claimant to compensation for the remainder of his life. Compensation for life on the basis of permanent total disability was awarded on July 3, 1946, and continuing payments are now being made to the claimant. In connection with that award, the examining physician reported, with respect to the condition of the claimant, that he had a marked deformity from his injury; that his leg could not be straightened; that amputation of the leg might produce a moderate degree of rehabilitation; and that because of his mental attitude concerning his condition, he was totally incapacitated to return to work. The physician recommended that the claimant be given a rating of ninety per cent permanent partial disability.

The employer did not protest or object to the making of any of the foregoing awards in favor of the employee.

On November 8, 1947, the employer informed the commissioner by letter that Blosser had been employed by the State Road Commission since May 7, 1947, suggested that the situation be investigated, and applied for a modification of the award made July 3, 1946. By order entered December 2, 1947, the commissioner refused to modify the award. The employer then asked the commissioner to suspend his order of December 2, 1947, to enable the employer again to submit its application with affidavits and other documents and to direct the employee to undergo a physical examination by a physician. The commissioner by letter dated December 18, 1947, refused the request for a physical examination until a

proper showing had been made for modification of the award and advised the employer that modification could be requested at any time but that the application must disclose some fact or facts which had not been considered by the commisioner in his former findings.

On December 27, 1947, the employer again made application in writing for modification of the award of July 3, 1946, which application was supported by four affidavits to the effect that Blosser had been regularly employed by the State Road Commission in the performance of heavy manual labor as a member of a road maintenance crew, and contained an additional request that he be required to submit to a physical examination by a physician. By order entered January 6, 1948, the commissioner refused to reopen the case on the ground that no proper showing to reopen had been made. The employer appealed from this decision of the commissioner to the Workmen's Compensation Appeal Board which, by order entered April 10, 1948, affirmed the order of the commissioner of January 6, 1948.

A preliminary question which has not been presented by any of the parties by assignment of error or briefs of counsel, arises on the record with respect to the continuing jurisdiction of the State Compensation Commissioner in this case under the provisions of Section 16, Article 4, Chapter 131, Acts of the Legislature, 1945, Regular Session, which section amends and reenacts Section 16, Article 4, Chapter 23, Code, 1931, as amended. The question was raised in conference by some members of the Court. As the question is jurisdictional in character, it will be considered and resolved by this Court on its own motion on this appeal. *Whited v. State Compensation Commissioner*, 131 W.Va. 646, 49 S.E. 2d 838; *Gapp v. Gapp*, 126 W.Va. 847, 30 S.E. 2d 530; *Morris v. Gates*, 124 W.Va. 275, 20 S.E. 2d 118; *Dawson v. Dawson*, 123 W.Va. 380, 15 S.E. 2d 156; *Charleston Apartments Corporation v. Appalachian Electric Power Company*, 118 W.Va. 694, 192 S.E. 294; *Arnold v. Mylius*, 87 W.Va. 727,

105 S.E. 920; *Buskirk v. Ragland,* 65 W.Va. 749, 65 S.E. 101; *Thompson v. Adams,* 60 W.Va. 463, 55 S.E. 668; *Cresap v. Kemble,* 26 W.Va. 603; *Kemble v. Cresap,* 26 W.Va. 603.

The pertinent portion of the statute is in this language: "The power and jurisdiction of the commissioner over each case shall be continuing, and he may from time to time, after due notice to the employer, make such modifications or changes with respect to former findings or orders as may be justified: *Provided, however,* That no further award may be made * * * in case of nonfatal injuries on and after March seventh, one thousand nine hundred twenty-nine, except within three years after payments for temporary disability shall have ceased and within one year after the commissioner shall have made the last payment in any permanent disability case: * * *."

The important aspect of the jurisdictional question is whether in this case the limitation of the three year period after the payments to the employee, Earl Blosser, for his temporary disability ceased, which occurred before his first award of permanent partial disability of twenty five per cent was made on April 24, 1941, operates to deprive the commissioner of jurisdiction of the case at the time the employer first filed its application on November 8, 1947, for a modification of the final award of total permanent disability made by the commissioner on July 3, 1946, which was approximately six years, six months and fifteen days after payments to Blosser for temporary disability had ended. If the limitation of three years after these payments ceased on April 24, 1941, terminates the jurisdiction of the commissioner in this case upon the expiration of three years from that date, it is obvious that any award in favor of the employee after April 24, 1944, was beyond the jurisdiction of the commissioner and void for want of jurisdiction, for the statute limiting the jurisdiction of the commissioner necessarily applies to the employer and the employee alike.

The statute has been considered by this Court in a number of previously decided cases, among which are *Wilkins v. State Compensation Commissioner*, 120 W.Va. 424, 198 S. E. 869; *Madden v. State Compensation Commissioner*, 113 W.Va. 576, 169 S. E. 170; and *Cook v. State Compensation Commissioner*, 113 W.Va. 370, 168 S. E. 369.

In *Madden v. State Compensation Commissioner*, 113 W.Va. 576, 169 S. E. 170, the claimant was awarded temporary disability benefits and three payments were made. The last of these payments was made on January 10, 1930, at which time the case was closed. Due notice to that effect was given the claimant. No subsequent award was made for permanent disability. More than two years later, apparently upon the application of the claimant, the case was reopened and a hearing held and on December 15, 1932, an order was entered by the commissioner which recited that the disability was not shown to be the result of the injury and that, the claimant having been fully compensated, the case was closed. At that time the jurisdictional limit imposed by the statute in that type of case was two years instead of the present three year period. This Court held: "In a non-fatal case, after the lapse of two years from the date of the last payment on a temporary disability rating, the compensation commissioner has lost jurisdiction under the provisions of Code 1931, 23-4-16, and cannot re-open the case for further consideration."

In *Cook v. State Compensation Commissioner*, 113 W.Va. 370, 168 S. E. 369, it was held that, under the statute, the commissioner was without jurisdiction to reopen a claim in which there had been an award of twenty per cent permanent partial disability upon petitions filed after the expiration of one year from the date of the last payment under the award. In that case the report does not disclose whether there had been any award of temporary disability prior to the award of permanent partial disability.

In *Wilkins v. State Compensation Commissioner*, 120 W.Va. 424, 198 S. E. 869, the claimant was awarded compensation on a permanent partial disability basis, the last payment of which was made on December 25, 1935. On December 23, 1936, within one year from the date of the last payment, claimant made application to the commissioner to reopen the claim and award him additional compensation. Though the commissioner permitted the application to be filed, he took no action on it until November 15, 1937, several months after the expiration of the period of one year from the date of the last payment, at which time he refused to consider the application and denied the request for additional compensation on the ground that no award could be made after the lapse of the period of one year from the date of the last payment under the original permanent disability award. In reversing the order of the Workmen's Compensation Appeal Board which affirmed the order of the commissioner this Court held that "Section 16, Article 4, Chapter 23 of the Code, properly construed, requires the Compensation Commissioner to pass upon and determine the merits of any application for further adjustment of any permanent disability claim, when such application in writing is filed within one year after the date of the last payment on any award made on such claim." In the opinion, in considering whether the statute should be liberally or literally construed, this Court said: "We must give to the statute in question a liberal construction in favor of the claimant. We must not deprive him of the right to a hearing on the merits of his claim unless the language used in the statute compels us to do so."

The language of the particular portion of the statute here under consideration is: "That no further award may be made * * * in case of nonfatal injuries * * * except within three years after payments for temporary disability shall have ceased *and* within one year after the commissioner shall have made the last payment in any permanent disability case." (Emphasis added.) The

statements relating to the two periods of limitation of jurisdiction are conjunctive, not disjunctive, in form. If, however, the language used should be construed to apply to both types of cases, disastrous results would ensue. Application of this language to awards for both temporary disability and permanent disability would render the statute meaningless, produce absurd results, and defeat the purpose of other provisions of the Workmen's Compensation Law. For example, the weekly payments under any award of permanent partial disability of forty per cent or more extend over a period of more than three years. If preceding such an award of permanent partial disability a claimant had been awarded and paid temporary disability, which in practice almost always occurs, the commissioner would be deprived of jurisdiction, because of the expiration of the three year period after the last payment of temporary disability, to make any subsequent new or additional award of permanent disability, on any statutory ground or for any statutory purpose, after the last payment of compensation under an initial award equal to or in excess of forty per cent which followed any temporary award in a nonfatal case even though application for a subsequent additional award of permanent disability should be filed within the period of one year after the last payment of the initial award had been made. Such an interpretation of the quoted provision of the statute, though its language is conjunctive in form, will not be recognized or adopted by this Court. It is manifest that in enacting the statute the Legislature was dealing with two separate and distinct types of nonfatal cases and that it used language conjunctive rather than disjunctive in form merely for the purpose of including them in the same clause or provision instead of phrasing each separately, and not for the purpose of making both of the designated periods limiting the jurisdiction of the commissioner applicable to each particular case. The provision of the statute, properly construed, means that the three year period of limitation applies only to a nonfatal case involving a claim for temporary disability which continues and re-

mains on that basis, and not to a nonfatal case in which there is an award of permanent disability after temporary disability has been awarded and payments for temporary disability have ceased, and that the one year period of limitation applies only to a nonfatal case in which permanent disability is awarded whether there has or has not been prior award and payment for temporary disability. Otherwise stated, the language of the statute with respect to the two periods of limitation must be read and applied as it would be if it had stated and imposed them disjunctively instead of conjunctively. This construction permits each type of case to be dealt with independently of the other, eliminates conflict and confusion in phraseology, gives force and effect to the statute, and accords full recognition to the manifest legislative intent in its enactment. Under this interpretation of the statute it is clear that the continuing jurisdiction of the commissioner in this proceeding has not ended and that he has jurisdiction to entertain and determine the application of the employer for modification of the award of permanent total disability made by him on July 3, 1946. The payments under the present award of permanent total disability have not ceased; the one year jurisdictional limitation, which applies only to an award of permanent disability after final payment of compensation on that basis, has not become operative; and the three year jurisdictional limitation does not apply to this case.

The principal question involved is whether the application of the employer discloses cause for further adjustment of the award, under Sections 1-c and 1-d, Article 5, Chapter 137, Acts of the Legislature, 1939, Regular Session.

As heretofore indicated, the affidavits which support the application of the employer disclose that the employee who was awarded compensation on a permanent total disability basis on July 3, 1946, was, and has been, since May 7, 1947, employed by the State Road Commis-

sion and is regularly engaged in performing heavy manual labor in that employment. These affidavits show that Blosser has been working regularly as a laborer and a member of a road crew since May 7, 1947, at a wage of seventy five cents per hour, on the basis of eight hours per day during five days of each week; that the work which he is performing consists in digging ditches, cutting filth and bushes, napping rock, operating a jack hammer, loading trucks by shoveling cinders, dirt and debris, and other labor incident to the maintenance of roads; that he has performed this work as well as have the other members of the crew; that no special privilege has been accorded to him because of his physical condition; that his ability to perform his work as a member of the road crew does not appear, to his foreman and the other members of the crew who make the affidavits, to be impaired by any physical disability; and that he is considered by them as a permanent employee in his present occupation and as an excellent workman. These facts, of course, have not been controverted at this stage of the proceedings. Uncontradicted they indicate that at present Blosser's physical condition is not a condition of total physical disability. Of course, this question is not considered or determined on this appeal. Its determnation in the first instance is the province of the commissioner. The facts which appear from the application, as supported by the affidavits, however, disclose sufficient cause to reopen his previous award of permanent total disability.

Section 1-c, Article 5, Chapter 137, Acts of the Legislature, 1939, Regular Session, provides that in any case in which an employer makes application in writing for a modification of any award previously made to his employee, and the application discloses cause for a further adjustment of the award, the commissioner shall, after due notice to the employee, make such modifications or changes with respect to his former findings or orders in such form as may be justified. Section 1-d prescribes the action to be taken by the commissioner upon an

application by the employer for modification of an award previously made to his employee and provides that, if in any such case it shall appear to the commissioner that the application fails to disclose some fact or facts which were not considered by him in his former findings, and which would entitle the employer to any modification of the previous award, the commissioner shall, within sixty days after the receipt of the application, notify the claimant and the employer that the application fails to establish a just cause for modification of the award.

These sections which were first enacted in 1939, Chapter 137, Article 5, Acts of the Legislature, 1939, Regular Session, are analogous in form and in purpose to Sections 1-a and 1-b of the same article and chapter of the same act which deal with employees who seek adjustment and modification of previous awards in their favor. It is evident that the purpose of the Legislature in enacting all the foregoing sections was to afford employers and employees the right and the opportunity, by a procedure substantially similar for each, to obtain, in a proper case, upon grounds specified in the statute, modification of any previous award. The object of this legislation is to deal fairly and justly with the employer and the employee alike in decreasing or increasing any previous award which because of subsequent changes in the condition of the employee or facts not previously considered by the commissioner is too large or too small and to prevent any employer from contributing less to the workmen's compensation fund, and any employee from receiving more from it, than is just and equitable in a particular case. These sections were intended to produce salutary results to both employers and employees and to accord to each the rights to which each is justly entitled, and they should be liberally construed to accomplish the purpose of the Legislature in enacting them.

In opposing the application of the appellant employer, the claimant cites and relies upon the cases of *Burgess v. State Compensation Commissioner*, 121 W.Va. 571, 5

S. E. 2d 804; *Gay Coal & Coke Company v. Workmen's Compensation Commissioner*, 121 W.Va. 200, 2 S. E. 2d 265; and *Johnson v. State Compensation Commissioner*, 109 W.Va. 316, 154 S. E. 766, in which this Court has announced or recognized and applied the rule that the right of an employee to compensation on a permanent total disability rating is not defeated by his return to work and his receipt of wages. See also *McDaniel v. State Compensation Commissioner*, 118 W.Va. 596, 191 S. E. 362. This rule is sound and should be given force and effect whenever applicable. In the cases just cited, however, either the claimant had been awarded compensation on a permanent total disability basis and, in his subsequent employment, was not engaged in performing the same but a lighter type of work than that performed by him at and prior to the injury for which permanent compensation had been awarded, or the claimant had been awarded permanent partial disability for which he was entitled to compensation even though he was able to do the same kind of work which he had performed before his injury. The difference in the character of the work prior to the occurrence of the disability as compared to that subsequently performed, or the percentage of permanent disability, less than total, of the employee, in those cases, distinguishes them from the case at bar. Here the application tends to show that the claimant is regularly engaged in the performance of work of substantially the same character as that performed by him before his injury and that the heavy manual labor which he performs in his present employment is such as ordinarily can be carried on only by able bodied men in normal physical condition.

The application, as supplemented by the affidavits, discloses facts which were not previously considered by the commissioner in awarding the claimant permanent total disability and, under the statute, entitles the employer to reopen the case. The present employment of the claimant did not occur until May 7, 1947, which was approximately ten months after the award was made.

At the time of the award the claimant was not engaged in any employment, and his condition was such as to render him incapable of performing any work. It is altogether unlikely that the commissioner would have awarded the claimant permanent total disability if he had been doing the work in which he is now engaged, and that fact had been considered, when the award was made.

The contention of the claimant that the application to reopen the claim should be denied because it does not disclose facts with respect to the physical condition of the claimant which are based upon any examination or report by a physician is devoid of merit. The statute does not specify the particular kind of facts required to entitle an employer to a modification of a previous award except that they must be sufficient to establish just cause for such modification and must not have been considered by the commissioner in his former findings. A requirement that the employer furnish medical evidence concerning the condition of an employee would in most instances defeat the plain purpose of the applicable statute. When the employer is powerless to require or obtain a physical examination and the employee is unwilling to submit to such examination, it would be impossible, in any case, to reopen the claim at the instance of the employer in the absence of medical evidence of the condition of the employee when the application is filed. The employee can always furnish information as to his condition, but unless the employee consents to a physical examination or the commissioner requires him to undergo such examination the employer can not ordinarily obtain medical knowledge of the condition of the employee. With regard to the application in this case it does not appear that the employee will consent to submit to a physical examination and the commissioner has refused to require him to do so.

As already indicated, the present condition of the employee and the character of the work in which he is

now engaged are not considered or determined on this appeal. It is the province of the commissioner to inquire into, develop and determine these questions upon a hearing on the application. Upon the hearing the previous finding of the commissioner concerning the condition of the claimant should not be set aside except for good cause, *Johnson v. State Compensation Commissioner*, 109 W.Va. 316, 154 S. E. 766, and in order to modify the award it must affirmatively appear that the present condition of the claimant has materially improved over that shown to exist at the time the award of permanent total disability was made. *Ashworth v. State Compensation Commissioner*, 117 W.Va. 73, 183 S. E. 912. The only question now before this Court, however, is whether the application discloses such cause for a modification of the prior award of permanent total disability as entitles the employer to a hearing by the commissioner on that issue and to reopen the case for that purpose under the provisions of Section 1-c and 1-d of the statute. In holding that the application makes a sufficient showing for that purpose this Court does not entertain or express any opinion on the merits of the issues to be passed upon and determined upon the hearing by the commissioner.

For the reasons stated the order of the Workmen's Compensation Appeal Board which affirmed the order of the State Compensation Commissioner holding the application insufficient and refusing to reopen the case and the order of the commissioner are reversed and set aside; and this case is remanded to the commissioner with directions to reopen the case and to hear and determine the issues presented by the application.

*Reversed and remanded
with directions.*