KEITHA M. HUMPHREY, ADMRX. OF ESTATE OF ELLIS P. HUMPHREY, SR., *Deceased*

*v.*

NICHOLAS ARMENAKIS AND PETER FILIS

(No. 12382)

Submitted May 11, 1965.          Decided June 29, 1965.

*Hyer, Gibson & Talbott,* for appellants.

*Wm. M. Harman, J. Pat Nichols,* for appellee.

BROWNING, PRESIDENT:

Plaintiff, as administratrix of the state of Ellis P. Humphrey, Sr., recovered a judgment in the amount of $25,000, $15,000 of which was for pecuniary loss, against the defendants in the Circuit Court of Tucker County in an action for the wrongful death of her decedent. A motion to set aside the judgment and award a new trial was overruled and upon application of defendants this Court granted an appeal on October 12, 1964.

Defendants, on this appeal, do not contest the finding as to liability but assign as error the admission in evidence of the life expectancy of decedent's widow, one of the three distributees, the others being his teenage children; the giving of plaintiff's instructions "B" and "C" and the refusal to give defendants' instruction No. 5; and, the insufficiency of the evidence to support a verdict in the amount of $25,000. In their brief defendants also assign as error, and contend, that the complaint did not sufficiently allege specific items of damages to support a finding of pecuniary loss.

As to defendants' assignments of error regarding instructions, plaintiff's instruction "B" apparently was directed to the question of liability and, though briefed by defendants, was omitted from defendants' designation of the portion of the record to be printed and counsel for defendants stated in both argument and brief that liability is not contested on this appeal. Any error in that regard will therefore be considered to have been abandoned. Plaintiff's instruction "C", which was given, and defendants' No. 5, which was refused, are contradictory. Plaintiff's instruction "C" informed the jury that they could return a verdict not to exceed

$10,000 unless they further believed that the distributees "suffered pecuniary loss in excess of $10,000.00 in which event you may award the plaintiff the amount so proved" not to exceed $25,000. Defendants' instruction No. 5 would have instructed the jury that plaintiff had wholly failed to prove any pecuniary loss and, therefore, any recovery would be limited to $10,000.

It is the view of this Court that the trial court correctly gave to the jury plaintiff's instruction "C" and refused defendants' instruction No. 5. While it is true that the complaint as originally filed contained no allegation that would have permitted a recovery beyond $10,000, as heretofore intimated, one of counsel for the plaintiff, prior to the submission of the case to the jury, made the following motion: "Mr. Harman: The Counsel for the Plaintiff in this case considered the matter of the Complaint to the loss. Mr. Nichols was of the opinion that possibly the complaint should be amended; I being of the opinion that when under the wrongful death Statute that we have no special damages, that the damages are statutory and that it should not be amended, however, this is primarily his case. I am going to move the Court that the Complaint be amended as follows: Change the last period and make a comma, and add, including financial and pecuniary loss of the distributees of the estate as fixed by Statute." The court permitted the complaint to be so amended and the ad damnum clause, as amended, reads as follows: "Wherefore, plaintiff demands judgment against the defendants and each of them for Twenty Five Thousand Dollars ($25,000.00), including financial and pecuniary loss of the distributees of the estate as fixed by the Statute."

Code, 55-7-6, as amended, in effect at the time this action was instituted, relating to actions for wrongful death, provides in part as follows:

> ". . . In every such action the jury may give such damages as they deem fair and just, not exceeding ten thousand dollars: Provided, however, that if the plaintiff in such action shall prove by a preponderance of the evidence financial or pecuniary loss sustained by a distributee or distributees of such

deceased person, the jury may give such further damages as shall equal such financial or pecuniary loss to such distributee or distributees, not exceeding the sum of twenty-five thousand dollars as the total of all damages recoverable in such action. . . .

"Items of pecuniary loss or expenses recoverable under general law by the personal representative of the deceased for the benefit of the estate of the deceased, including but not limited to loss or expense caused by damage to property of the deceased, reasonable and necessary expense incurred in medical or surgical treatment, hospitalization, and burial of the deceased shall not be admissible in evidence or considered by the jury in such action. . . ."

Rule 9, R.C.P., is entitled "Pleading Special Matters" and subdivision (g) provides: "Special Damages. When items of special damage are claimed, they shall be specifically stated." Defendants contend that under this rule the items making up the $15,000 allowable for pecuniary loss to the distributees must be specifically pleaded, and that the general allegation of pecuniary loss contained in the complaint as amended is insufficient. However, it is the position of this Court that the amendment was sufficient to support a recovery for pecuniary loss under the statute as then in effect, especially in view of the prohibitions contained therein against the admission in evidence or consideration by the jury of items commonly termed "special damages", and that the provisions of Rule 9 (g), R.C.P., are not apposite to the instant case. It should be noted, however, that the legislature, by Chapter 1, Acts of the Legislature, Regular Session, 1965, amended Code, 55-7-6, permitting the recovery of funeral, medical and other expenses in a wrongful death action, and whether the instant complaint under the statute as so amended would sufficiently meet the requirements of Rule 9 (g) we, of course, need not, and do not, decide.

Our holding that the complaint is sufficient to support the recovery of damages for pecuniary loss thus raises the question of the sufficiency of the evidence to warrant the jury in returning a verdict in the amount of $15,000 therefor. The only evidence in the record upon this question is the testimony of Keitha M. Humphrey, the administratrix and widow

of decedent, and her testimony in that regard is here quoted. Also shown is the objection of Mr. Gibson, one of counsel for the defendants, and the reply thereto of Mr. Harman, one of counsel for the plaintiff:

"...

"Q—What was his daily wage?

"A—$4.00 per hour.

"Q—How many hours did he work that day?

"A—Eight hours.

"Q—He made $32.00 that day?

"A—That is right.

"Q—What was his occupation?

"A—Heavy equipment operator.

"Q—Had he been working regularly?

"A—Yes, he had.

"Q—Was he in good health?

"A—Yes.

"Q—You live in the Town of Hendricks?

"A—Yes.

"Q—He had been working steady?

"A—Yes.

"Q—All year?

"A—Yes.

"Q—What were his total wages for the year 1963?

"Mr. Gibson: We object, that is not the requirements of the statute.

"Mr. Harman: This is a suit for recovery. We have the right to what the earning capacity was. We will withdraw the question, it doesn't make any difference."

It will be noted that counsel for the defendants objected to the total earnings of the deceased for the year 1963, but here complains that the evidence of his earnings and contri-

butions to his distributees were insufficiently proved by the plaintiff. Perhaps counsel for the plaintiff was too quick to withdraw his question when objected to by counsel for the defendants before the court had ruled thereon. However, it is the unanimous view of this Court that there was sufficient evidence before the jury to justify the giving of plaintiff's instruction "C" authorizing the jury to find damages for pecuniary loss and to sustain the verdict in the total amount allowed by the statute.

Finally, counsel for the defendants allege error in that the trial court permitted testimony as to the life expectancy of the widow and insist that if that were admissible then the plaintiff should have proved the life expectancy of the deceased's two minor children. Evidence as to the age and health of the three distributees was admitted without objection but there was no offer of any testimony as to the life expectancy of the minor children. The testimony as to the widow's life expectancy was objected to and the court permitted the testimony over defendants' objection. There is a sharp division among the judges of this Court as to whether error was committed in permitting that testimony, however, the Court is unanimously of the view that it was not reversible error upon the facts of this case for the plaintiff to show the widow's life expectancy. It would appear that under proper circumstances such evidence generally is admissible. See 25 C. J. S., Death, § 121. Since the question is one of first impression in this court, and a determination thereof is not vital to the instant case, we reserve decision thereon.

The judgment of the Circuit Court of Tucker County will be affirmed.

*Affirmed.*