210

Holly V. Bailes.

*v.*

State Workmen's Compensation Commissioner

*and*

Keystone Motor Express

(No. 12703)

Submitted April 16, 1968.          Decided May 28, 1968.

*McDougle, Davis, Stealey & Morris, J. M. Handlan,* for appellant.

*William L. Jacobs,* for appellee.

Haymond, Judge:

The question for determination upon this appeal is whether the West Virginia Workmen's Compensation Commissioner has jurisdiction to reopen the claim for compensation of an employee upon his application for further adjustment of such claim after the expiration of one year from the entry of an order of the commissioner granting the employee a 5% permanent partial disability award, which award, though appealed from, was affirmed by the

Workmen's Compensation Appeal Board by its order of May 5, 1966 and was likewise affirmed by order of the commissioner entered less than one year before the employee filed his application to reopen his claim for further adjustment, and which award was for an amount of compensation less than the compensation previously awarded the employee for temporary total disability which had been fully paid more than three years before the application to reopen was filed by the employee.

The material facts are not disputed and the question for decision is a question of law.

The claimant, Holly V. Bailes, an employee of Keystone Motor Express, a corporation, was injured in the course of his employment on January 9, 1962. The compensability of his claim was not questioned and the claimant was compensated on the basis of temporary total disability for a period of thirty and five-sevenths weeks. The last payment of temporary total disability compensation was made in August 1962. On April 2, 1963, the commissioner found that the claimant was entitled to a 5% permanent partial disability award but held that no payment would be made on a permanent disability basis for the reason that the amount of the compensation for total temporary disability previously paid the claimant exceeded the amount of the compensation awarded for 5% permanent partial disability. The claimant protested the ruling of the commissioner. After numerous hearings at which extensive medical facts were introduced and the claimant and the employer had agreed that the claim should be concluded and submitted, the original order of April 2, 1963 awarding 5% permanent partial disability was affirmed by the commissioner by order entered January 4, 1966. Upon appeal by the claimant to the Workmen's Compensation Appeal Board, the order of the commissioner of January 4, 1966 was upheld on May 5, 1966 and the commissioner, by order of June 7, 1966, affirmed his previous order of January 4, 1966 which awarded the claimant compensation for 5% permanent partial disability.

On January 30, 1967, the claimant filed his application to reopen the claim for further adjustment. The commissioner,

by order of February 6, 1967, refused to grant the application to reopen for the stated reason that more than three years had elapsed since the last payment of total temporary disability compensation before the filing of the application. Upon appeal by the employer the Workmen's Compensation Appeal Board, by order of July 10, 1967, reversed and vacated the order of the commissioner of February 6, 1967 and remanded the claim to the commissioner for further proceedings. From the order of the appeal board of July 10, 1967, this Court granted this appeal upon the application of the employer.

The workmen's compensation system of this State is created by and based upon statute. *Blevins* v. *State Compensation Commissioner*, 127 W. Va. 481, 33 S. E. 2d 408. The right to workmen's compensation is wholly statutory and is not in any way based on the common law. The statutes are controlling and the rights, remedies and procedure provided by them are exclusive. *Dunlap* v. *State Compensation Director*, 149 W. Va. 266, 140 S. E. 2d 448. The jurisdiction of the commissioner is dealt with and limited by Section 16, Article 4, Chapter 23, Code, 1931, as amended. That section provides, to the extent here pertinent, that "The power and jurisdiction of the commissioner over each case shall be continuing and he may from time to time, after due notice to the employer, make such modifications or changes with respect to former findings or orders as may be justified: Provided, however, that no further award may be made * * * in case of nonfatal injuries, on and after March seventh, one thousand nine hundred twenty-nine, except within three years after payments for temporary disability shall have ceased or within one year after the commissioner shall have made the last payment in any permanent disability case: ".

In support of the ruling of the Workmen's Compensation Appeal Board, the claimant contends, in substance, that no payment of compensation upon the 5% permanent partial disability award has been made; that the 5% award of permanent partial disability did not become effective until the order of the commissioner of June 7, 1966 which affirmed

the award made by the commissioner by his order of January 4, 1966; that the one year period of limitation did not begin to run until the entry of the final order of the commissioner on June 7, 1966, and the application of the claimant to reopen was filed well within the one year period of limitation; and that the three year period of limitation applies only to a nonfatal case involving a claim for temporary total disability which continues and remains on that basis, and does not apply to a nonfatal case in which there has been an award of permanent partial disability and payments for temporary total disability compensation have ceased.

On the contrary the employer insists that the three year period of limitation applies and, as the application of the claimant to reopen was not filed until more than three years from the final payment of temporary total disability compensation, the commissioner was without jurisdiction to reopen the claim, which was the original holding of the commissioner; that the award of 5% permanent partial disability compensation made by the commissioner by his final order of January 4, 1966, not having been modified or disturbed upon the appeal to the Workmen's Compensation Appeal Board, was effective from that date; that the award was paid by the temporary total disability compensation when the award of 5% permanent partial disability compensation was made on January 4, 1966 and the one year period of limitation ran from that date; and that the application of the claimant to reopen the claim was not filed until after the expiration of one year from the date of the payment of the award on January 4, 1966.

There is no merit in the contentions of the claimant that no payment of compensation of the 5% permanent partial disability award has been made and that the award did not become effective until the order of the commissioner of June 7, 1966 which affirmed the award made by the commissioner January 4, 1966. Though when the 5% award was made by the commissioner on January 4, 1966, no actual compensation was tendered and delivered to the claimant, the award, as a matter of law, was paid at that

time by prior payments of temporary total disability compensation which exceeded the amount of the 5% award. This was accomplished by operation of law and by virtue of the provision of Subdivision (i), Section 6, Article 4, Chapter 23, Code, 1931, as amended, that "Where an injury results in temporary total disability for which compensation is awarded under subdivision (a) of this section and such injury is later determined permanent partial disability under subdivision (c), the amount of compensation so paid shall be considered as payment of the compensation payable for such injury in accordance with the schedule in subdivision (c):". The disability under subdivision (c) is a permanent partial disability of from 1% to 84%, inclusive, and a permanent total disability of 85% to 100%; and the percentage of disability in each instance is determined by the commissioner. See *Dunlap* v. *State Compensation Director,* 149 W. Va. 266, 140 S. E. 2d 448. In that case, discussing the foregoing statutory provision, this Court said: "This subdivision, in substance, requires the director to deduct from a permanent partial disability award all payments previously received by the claimant under a prior temporary total disability award." Though in the instant case no compensation actually passed from the commissioner to the claimant at the time the 5% permanent partial disability award was made, such compensation should "be considered as payment" of the compensation payable for the injury for which the 5% permanent partial disability was awarded as of the time that award was made by the commissioner. Such is the effect of the foregoing statutory provision.

The original 5% award made by the commissioner by his order of January 4, 1966, though appealed from, was never disturbed but was affirmed by the appeal board, and the later or last order of the commissioner of June 7, 1966 merely affirmed the award of January 4, 1966 and did not render that award ineffective or postpone the application of the one year period of limitation from January 4, 1966 to June 7, 1966. That period began to run from the entry and payment of the undisturbed award of January 4, 1966 and deprived the commissioner of jurisdiction to reopen

the claim upon the application of the claimant which was not filed until after the expiration of one year from the payment of the January 4, 1966 award.

For the foregoing reasons this Court holds that the one year period of limitation provided by Section 16, Article 4, Chapter 23, Code, 1931, as amended, begins to run from the entry of a permanent partial disability compensation award when such award has been paid when made by prior payments of temporary total disability compensation and the amount of such compensation exceeds the amount of the permanent partial disability award; and an application to reopen a claim for compensation after the expiration of one year from the entry and payment of such award is barred by the statutory limitation of one year from the payment of such award and must be refused by the commissioner.

The three year period of limitation provided by the statute has no present application. That statutory provision applies only to a nonfatal case involving a claim for temporary disability, which continues and remains on that basis, and does not apply to a nonfatal case in which there is an award of permanent partial disability after an award of temporary disability has been made and payments for temporary disability have ceased. *Blosser* v. *State Compensation Commission*, 132 W. Va. 112, 51 S. E. 2d 71.

The order of the Workmen's Compensation Appeal Board of July 10, 1967 is reversed and this proceeding is remanded to the commissioner with directions that the application of the claimant to reopen his claim for further adjustment be denied.

*Reversed and remanded*
*with directions.*