ACIE TAYLOR

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER AND
ISLAND CREEK COAL COMPANY

(No. 12779)

Submitted January 14, 1969.    Decided February 4, 1969.

610

*Estep, Smith & Eiland, Edward T. Eiland,* for appellant, *Patrick J. Flanagan,* for appellee.

CALHOUN, JUDGE:

This workmen's compensation case is before the Court on an appeal by the employer, Island Creek Coal Company, from an order entered by the Workmen's Compensation Appeal Board on September 4, 1968, which affirmed a ruling made by the Workmen's Compensation Commissioner embodied in an order entered by him on April 4, 1968, by which order the commissioner made an award

of 35% permanent partial disability benefits to Acie Taylor, the claimant.

The basic question presented for decision on this appeal is whether the appeal board erred in holding that the pertinent period prescribed by Code, 1931, 23-4-16, as amended, for making application for further adjustment of a claim for workmen's compensation benefits was tolled or suspended for the period of time during which the claim, upon a prior reopening, was in litigation on appeal to the appeal board and subsequently on appeal to this Court. The facts pertinent to a decision of this case are undisputed.

The claimant sustained an injury to his back on February 20, 1962. He received temporary total disability benefits for a period of 88-2/7 weeks, the last payment having been received by him on November 5, 1963. By an order entered by the commissioner on November 13, 1963, the claimant received an award of 5% permanent partial disability benefits. The claimant previously having received payment of benefits on a total temporary basis in excess of the 5% award, the commissioner, pursuant to the provisions of Code, 1931, 23-4-6 (i), as amended, ruled that no further payment of benefits would be made to the claimant on the 5% award.

On an application of the claimant dated May 1, 1964, the claim was reopened by the commissioner on May 11, 1964. This reopening obviously was made considerably less than one year from November 13, 1963, the date of the award of 5% permanent partial disability benefits. After a protest and hearing, the commissioner entered an order on November 4, 1964, affirming his prior order by which he had granted the claimant an award of total permanent disability benefits. By an order entered on March 1, 1966, the appeal board reversed the ruling of the commissioner and held that the claimant had been fully compensated by the 5% award. On application of the claimant, this Court, on June 13, 1966, granted an appeal from the order and ruling of the appeal board. By a unanimous opinion announced on September 13, 1966, this Court

affirmed the order of the appeal board. On February 24, 1967, the claimant's petition for a rehearing was denied. *Taylor* v. *Workmen's Compensation Commissioner,* 151 W. Va. 409, 151 S. E. 2d 283.

On October 31, 1966, counsel for the claimant wrote a letter to the secretary of the commissioner, enclosing therewith an application of the claimant also dated October 31, 1966, requesting a reopening of the claim. The letter and the application were filed in the office of the commissioner on November 1, 1966. The letter contains the following language:

> "In view of the fact that it has been almost three years since the claimant received his last check under the last payment under temporary total disability basis, it will be appreciated, in order to save the claimant's rights, if you will have the enclosed application by the claimant stamped and filed in your office, for further consideration by the Commissioner, in the event the Supreme Court does not reverse and set aside the order of the Workmen's Compensation Appeal Board, dated March 1, 1966, and reinstate the Commissioner's order of November 3, 1965."

Language similar to that quoted immediately above was contained in the claimant's application for reopening. This language in counsel's letter and in the claimant's application for a reopening clearly indicates that the claimant and his counsel were of the opinion that the claimant had a period of three years from the date of "the last payment under temporary total disability basis" within which to apply for further adjustment of the claim; and that such three-year period was running, notwithstanding the fact that the claim, on the prior reopening, was in litigation on appeal to the appeal board and subsequently on appeal to this Court.

On March 2, 1967, counsel for the claimant wrote an additional letter to the secretary of the commissioner, enclosing therewith a medical report which counsel requested to be filed in support of the application for reopening dated October 31, 1966. The letter and the medical

report were filed in the office of the commissioner on March 3, 1967. *Lemons* v. *State Compensation Commissioner*, 144 W. Va. 171, 107 S. E. 2d 362, is cited by counsel for the claimant to sustain his position that it was proper to file the supporting medical report after the date of the filing of the application for a reopening. In view of the contention of counsel for the claimant that the three-year period for reopening is properly applicable to this case, we note that the application for reopening dated October 31, 1966, was filed in the office of the commissioner within three years from the date of the 5% award. Counsel's letter dated March 2, 1967, enclosing the medical report, was received in the office of the commissioner considerably later than three years after the date of the 5% award.

On March 20, 1967, the commissioner granted a reopening of the claim upon the claimant's "attorney's petitions dated October 31, 1966 & March 2, 1967." On March 23, 1967, counsel for the employer wrote a letter, which was received on March 27, 1967, in the office of the commissioner, by which letter he moved that the commissioner's order which reopened the claim be set aside and the claim be dismissed on the ground that the commissioner lacked "jurisdiction" to reopen the claim. The letter also requested a ruling upon the motion so that, in the event of a denial thereof, the employer could appeal to the appeal board pursuant to the provisions of Code, 1931, 23-5-4b, as amended. The motions contained in the letter of counsel for the employer were denied by the commissioner.

Upon the reopening of the claim, the commissioner made a 35% permanent partial disability award to the claimant, which award, upon an appeal by the employer, was affirmed by the appeal board on September 4, 1968. It is this action of the appeal board which is before this Court on the appeal by the employer.

Code, 1931, 23-4-16, as amended, so far as pertinent to this case, is as follows: "The power and jurisdiction of the commissioner over each case shall be continuing and he may from time to time, * * * make such modifications or changes with respect to former findings or orders as

may be justified: Provided, however, that no further award may be made * * *, in case of nonfatal injuries, * * * except within three years after payments for temporary disability shall have ceased or within one year after the commissioner shall have made the last payment in any permanent disability case: * * *."

"The one year period of limitation provided by Section 16, Article 4, Chapter 23, Code, 1931, as amended, begins to run from the entry of a permanent partial disability compensation award when such award has been paid when made by prior payments of temporary total disability compensation and the amount of such compensation exceeds the amount of the permanent partial disability award; and an application to reopen a claim for compensation after the expiration of one year from the entry and payment of such award is barred by the statutory limitation of one year from the payment of such award and must be refused by the commissioner." *Bailes* v. *State Workmen's Compensation Commissioner*, 152 W. Va. 210, Syllabus, 161 S. E. 2d 261. To the same effect see *Blosser* v. *State Compensation Commissioner*, 132 W. Va. 112, 51 S. E. 2d 71. Therefore, we cannot agree with the contention of counsel for the claimant that the period of limitation applicable to this case is three years.

It has been held repeatedly by this Court that the one-year statutory limitation on the right to apply for a reopening or for further adjustment of a claim imposes a limitation on the power of the commissioner which is jurisdictional in character. *Stroupe* v. *Workmen's Compensation Commissioner*, 151 W. Va. 415, 152 S. E. 2d 544. It is clear also that the right to workmen's compensation benefits is wholly statutory, in no sense based on the common law; and that a claimant has the right to demand benefits and the commissioner has jurisdiction to award benefits only as authorized by pertinent statutory provisions. *Oliver* v. *State Workmen's Compensation Commissioner*, 152 W. Va. 478, 164 S. E. 2d 582; *Bailes* v. *State Workmen's Compensation Commissioner*, 152 W. Va. 210, 161 S. E. 2d 261, 263; *Haines* v. *Workmen's Compensa-*

*tion Commissioner,* 151 W. Va. 152, 150 S. E. 2d 883; *Dunlap* v. *State Compensation Director,* 149 W. Va. 266, 140 S. E. 2d 448; *Winston* v. *City of Richmond,* 196 Va. 403, 407, 83 S. E. 2d 728, 731.

Code, 23-4-16, as amended, by clear and unambiguous language, imposes an unqualified one-year limitation upon the jurisdiction of the commissioner. The legislature, if it had deemed it wise or expedient to do so, could have qualified the one-year statutory limitation on the commissioner's jurisdiction or could have provided that the one-year period of limitation would be tolled or suspended during the period of time the claim, upon a prior reopening, was in litigation on appeal, but the legislature has not done so. Code, 1931, 55-2-18, as construed by this Court, provides for a one-year extension of the applicable statute of limitations for instituting a suit or action, timely commenced in a trial court, when such a suit or action is terminated during pendency of timely litigation upon a ground not going to the merits. No similar or analogous provision appears anywhere in the workmen's compensation statutes in relation to the one-year period of limitation involved in this case. This Court cannot, by judicial decision, read into the pertinent statutes a provision for the tolling or suspension of the one-year limitation on the jurisdiction of the commissioner.

In its opinion, the appeal board, without referring to the *Bailes* case or to the *Blosser* case, undertook, by analogy to proceedings in a trial court, to establish the proposition that the running of the period of limitation was tolled or suspended during the period the claim, upon a prior reopening, was in litigation. On that basis, the appeal board, without specifically deciding whether the applicable period of limitation was one year or three years, held that the application for reopening was timely. We cannot agree, for the reason that we must look only to the workmen's compensation statutes for our guidance in deciding the question of the timeliness of the application.

For reasons stated in this opinion, the ruling of the appeal board is reversed and this case is remanded with directions

to the commissioner to dismiss the claim involved in this case.

*Reversed and remanded with directions.*