EMPLOYERS FIRE INSURANCE COMPANY, *etc.*, *et al.*

*v.*

LLOYD C. BISER, *dba L. C. Biser Painting and Decorating*

(NO. 13792)

Decided April 7, 1978.

*Richard E. Hamstead,* for appellants.

No appearance for appellee.

CAPLAN, CHIEF JUSTICE:

This is an appeal from two orders of the Circuit Court of Monongalia County, wherein the court, in Civil Actions Nos. 8942 and 9034, dismissed said actions for reasons hereinafter noted.

Francis Ray Mitchell and Elvira Mitchell were, on September 1, 1973, the owners of a residence designated as 443 Washington Street in Morgantown, West Virginia. On that date their residence was, as charged in the complaints, substantially damaged by fire as the proximate result of the negligence of the defendant, Lloyd C. Biser, d/b/a L. C. Biser Painting and Decorating. The defendant had contracted to repaint and remodel the Mitchell residence. It was during the performance of that contract that the damage occurred.

Employers Fire Insurance Company and Travelers Insurance Company were co-insurers of the Mitchell property. These insurers paid the Mitchells in accordance with the terms of the policies and obtained subrogation rights. On three occasions, two of which are the subject of this appeal, the parties were unable to obtain a jury trial on the merits of the claim.

As noted in the petition for a writ of error, the Mitchells, subsequent to the receipt of payment from the insurers, instituted an action in their own names against the defendant, charging him with the negligent destruc-

tion of their home. On the ground that a local rule of court required that the action be brought in the names of the real parties in interest, the insurance companies, the action was allegedly (that action is not involved in this appeal) dismissed. It is further alleged in the petition that the Mitchells were refused the right to amend so as to make the insurance companies parties plaintiff in the complaint.

Subsequent to the above dismissal, another action (Civil Action No. 8942) was instituted against Biser, wherein the aforenamed insurance companies and the Mitchells were the plaintiffs. Therein it was alleged that the said insurance companies were the insurers of the Mitchell residence and that the residence was destroyed as the result of the negligence of the defendant. Alleging that they had paid the Mitchells the sum of $49,162.14 under the policies of insurance, they and the Mitchells sought a judgment in that amount from the defendant, Biser.

The defendant moved to dismiss the action on the ground that neither of the insurance companies designated in what legal capacity they brought the action; that is, they did not allege that they were individuals, partnerships or corporations. For that reason, said the defendant, the insurance companies did not have sufficient standing to bring and prosecute the action. The plaintiffs moved to amend their complaint under Rule 15(a), R.C.P. and also called to the attention of the court Rule 9(a) of said rules.

Prior to a ruling by the court on the motion to dismiss, the plaintiffs filed a new action (Civil Action No. 9034) charging the same negligence and liability against the defendant as were charged in the two prior actions. In the new complaint, filed September 17, 1975, more than two years after the subject damage, the plaintiffs sought to correct any deficiencies of the former complaint.

On October 29, 1975 the court entered an order dismissing Civil Action No. 8942, without prejudice, on the ground that plaintiff insurance companies failed to des-

ignate in what legal capacity they instituted that civil action. Civil Action No. 9034 was dismissed by an order of the court entered on November 19, 1975, the ground therefore being that the claim was barred by the statute of limitations. This appeal followed.

On the latter date a further order of dismissal, without prejudice, was entered in Civil Action No. 8942, the ground therefore being that the Mitchells were not the real parties in interest under Rule 17(a), R.C.P. That this was an erroneous order is clearly demonstrated by examining Rule 17(a), R.C.P. and applying it to this case. It provides: "Every action shall be prosecuted in the name of the real party in interest . . . in subrogation and similar cases, the Court shall apply this subdivision as will promote justice." The subrogation receipt signed by the Mitchells revealed that they assigned all of their right, claim and interest for any recovery for the damages claimed to the insurance companies and authorized "the said Insurance Company to sue, compromise or settle in the undersigned's [Mitchells] name or otherwise . . ." We hold, therefore, that the inclusion of the Mitchells as parties plaintiff did not furnish a valid ground for dismissal.

The plaintiffs assign as error (1) the dismissal of Civil Action No. 8942 on the ground that the insurance companies failed to designate their legal capacity and therefore had no standing to sue; (2) the dismissal of Civil Action No. 9034 as being barred by the statute of limitations; and (3) the refusal of the trial court to permit the plaintiffs to amend their pleadings to show legal capacity. We reverse and remand to permit a trial on the merits of the case.

The trial court erred in refusing to permit the plaintiffs to amend their pleadings. Rule 15(a), R.C.P., provides that "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . and leave shall be freely given when justice so requires." This language clearly mandates liberality in the consideration of a party's right to amend a

pleading. Unless the amendment of a pleading will prejudice the opposing party by not affording him an opportunity to meet the issue, it should be allowed so as to permit an adjudication of the case on its merits. *Rosier v. Garron, Inc.*, 156 W. Va. 861, 199 S.E. 2d 50 (1973); *Foman v. Davis*, 371 U.S. 178, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962); *Conley v. Gibson*, 355 U.S. 41, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). Justice required that the amendment be permitted in the instant case and the court's refusal constituted reversible error.

Further error was committed by the court when it dismissed Civil Action No. 8942 on the ground that the plaintiffs failed to show their legal capacity. Rule 9(a), R.C.P., provides that "It is not necessary to aver the capacity of a party to sue or be sued ..." That rule further provides that if capacity to sue is questioned, it must be done by "specific negative averment." No such specific negative averment having been made by the defendant, the court's dismissal on this ground was reversible error.

Finally, we find that the trial court erred in dismissing Civil Action No. 9034 on the ground that the claim was barred by the statute of limitations. While more than two years had, in fact, passed since the cause of action arose, the court failed to consider the effect of *W.Va. Code*, 1931, 55-2-18, concerning the plaintiffs' right to have the case adjudicated on its merits.

That statute provides, on pertinent part: "If any action or suit commenced within due time ... abate ... or if there be occasion to bring a new action or suit by reason of such cause having been dismissed for ... any other cause which could not be plead in bar of an action or suit ... in every such case, notwithstanding the expiration of the time within which a new action or suit must otherwise have been brought, the same may be brought within one year after such abatement, dismissal or other cause. ..." The legislature designed this statute to remedy the harsh effect of the statute of limitations and, where proper, to save a cause of action which

was abated or has been dismissed without an adjudication of its merits. See *Taylor v. Workmen's Compensation Commissioner*, 152 W. Va. 609, 165 S.E.2d 613 (1969). It was said in *McClung v. Tieche*, 126 W. Va. 575, 29 S.E.2d 250 (1944), "[t]he foregoing statutory provision [55-2-18] is designed to remedy the harsh effect of the statute of limitations and to save a cause of action which is otherwise barred ... it is to be liberally construed."

In the instant case the dismissal of Civil Action No. 8942 was without prejudice and was on a ground which did not go to the merits of the case. Therefore, under the provisions of *W.Va. Code*, 55-2-18, the running of the statute of limitations was tolled for one year after such dismissal and Civil Action No. 9034 was timely filed.

For the reasons stated herein the judgments of the Circuit Court of Monongalia County are reversed and the cases are remanded with directions that they be reinstated on the trial docket.

*Reversed and remanded with directions.*