259 S.E.2d 417 (1979)
STATE ex rel. the BOARD OF EDUCATION OF the COUNTY OF OHIO, etc.
v.
George L. SPILLERS, Judge, etc.
No. 14574.
Supreme Court of Appeals of West Virginia.
November 5, 1979.
*418 Preiser & Wilson, Stanley E. Preiser, Ted M. Kanner, Charleston, McCamic & McCamic, Jeremy McCamic, Wheeling, for relator.
Landers P. Bonenberger, Asst. Pros. Atty., Wheeling, for respondent.
PER CURIAM:
This is an original proceeding in mandamus. This Court issued a rule in mandamus on July 3, 1979. On September 6, 1979, the Court granted petitions to intervene, making the defendants below intervenors in this proceeding. The case matured for decision on October 2, 1979.
On October 4, 1976, relator filed suit in the Circuit Court of Ohio County alleging negligence and breach of implied and express contractual warranties relating to site preparation and construction of a new senior high school building and associated facilities. The complaint asked for damages of $250,000. On January 7, 1977, relator filed an amended complaint with an ad damnum clause of $450,000. A second amended complaint was filed on May 10, 1978 and the ad damnum clause remained $450,000. On September 8, 1978, relator, pursuant to Rule 15(a) W.Va.R.Civ.P., filed a motion to amend the ad damnum clause to $5,000,000. Two of the defendants opposed the motion. A hearing was held in January 1979, and on July 6, 1979 an order was entered denying the motion.
The law of this jurisdiction relating to Rule 15(a) amendments to pleadings is well settled.
"The purpose of the words `and leave [to amend] shall be freely given when justice so requires' in Rule 15(a) West Virginia R.Civ.P., is to secure an adjudication on the merits of the controversy as would be secured under identical factual situations in the absence of procedural impediments; therefore, motions to amend should always be granted under Rule 15 when: (1) the amendment permits the presentation of the merits of the action; (2) the adverse party is not prejudiced by the sudden assertion of the subject of the amendment; and (3) the adverse party can be given ample opportunity to meet the issue." Syl. pt. 3, Rosier v. Garron, Inc., 156 W.Va. 861, 199 S.E.2d 50 (1973).
A careful review of the matters before this Court, in light of the Rosier test, leads to the following conclusions: The progressive nature of some of the injuries complained of, and plaintiff's initially incorrect view of the measure of damages rendered the $450,000 ad damnum clause too low to permit a fair recovery which would have fully compensated for the injuries. Accordingly, the larger ad damnum clause amount was necessary for a full presentation of the merits relating to total damages. Under the Rosier test the intervenors/respondents will not be prejudiced by the granting of the amendment. In their memorandum in opposition to the motion to amend, respondents/intervenors alleged no prejudice. The trial court made no finding of prejudice in denying the motion. There was ample time and opportunity for the respondents/intervenors to meet the issues raised *419 by the amendment. The amendment motion was offered fourteen months prior to the scheduled trial date, no pretrial conference had been held, and additional discovery could have occurred. The amendment did not change the cause of action or theory under which relief was sought, and accordingly raised no new substantive issues.
Prejudice to the adverse party is the paramount consideration in motions to amend. Rosier, supra; Cf. Employers Fire Ins. Co. v. Biser, W.Va., 242 S.E.2d 708 (1978). Absent a showing of prejudice to an adverse party motions to amend should be granted. See: Rule 15, Federal Rules of Civil Procedure; Lone Star Motor Import Inc. v. Citreon Cars Corp., 288 F.2d 69 (5th Cir. 1961). The record of these proceedings reveals no evidence the amendment would have prejudiced the respondents/intervenors. When the law of Rosier, Biser and the other authorities cited above is applied to the facts of this case we conclude relator had a clear right to amend. The trial court should have allowed the amendment.
Mandamus will not ordinarily lie to direct the manner in which a lower court exercises its discretion. The law of Rosier, Biser, and the letter and spirit of the West Virginia Rules of Civil Procedure have all combined to narrowly define a trial court's discretion in regard to Rule 15 motions. Actions taken outside these narrow limits are arbitrary. Upon the facts and law of this case we believe that no element of discretion was left to the trial court as to the granting or denial of relator's motion; the granting of the motion amounted to a ministerial not a discretionary act. There was only one manner in which discretion could have been exercised, and to exercise it otherwise would have been an arbitrary act. In such circumstances mandamus will lie to compel the trial court to take the only legally correct action. See: State ex rel. Judy v. Kiger, 153 W.Va. 764, 172 S.E.2d 579 (1970); State ex rel. Commissioners of Land Office v. District Court of Custer County, et al., 185 Okl. 597, 95 P.2d 851 (1939).
In the past this Court has taken the view that extraordinary remedies may be used to control the actions of lower courts when review of those actions by writ of error would prove costly, time consuming and inappropriate to the task at hand. Cf. State ex rel. Scott v. Taylor, 152 W.Va. 151, 160 S.E.2d 146 (1968); Beard v. Worrell, W.Va., 212 S.E.2d 598 (1974). The Rules of Civil Procedure's mandate to secure a just and speedy determination of all matters by facilitating a presentation on the merits further recommends such a course. An unduly restrictive and highly technical interpretation of the rules of pleading the various extraordinary writs should not defeat the liberal and laudable purposes of the Rules of Civil Procedure. Absent any showing of prejudice to the adverse parties relator should not be compelled to proceed through a lengthy and expensive trial to seek a remedy by writ of error which is founded solely on the claim that the amount set in the ad damnum clause arbitrarily restricted the plaintiff's ability to prove all of its damages. Prior to the submission of the case to the jury it is possible, under Rule 15(b) R.Civ.P. to amend the ad damnum clause to conform to the proof. Cf. Humphrey v. Armenakis, 149 W.Va. 607, 142 S.E.2d 883 (1965). However, this rule is also discretionary, and in light of what has transpired so far in this case, we are not willing to avoid the issue by holding plaintiff can seek a Rule 15(b) amendment at the proper time. In the final analysis it is not the amount stated in the ad damnum clause but the actual proof of the plaintiff's damages which will control the issue.
It is Ordered and Adjudged a Writ of Mandamus be awarded compelling the respondent George L. Spillers, Judge of the Circuit Court of Ohio County, to grant relator's motion to amend the ad damnum clause of the pleadings.