C. W. HAINES

*v.*

WORKMEN'S COMPENSATION COMMISSIONER, AND UNION CARBIDE CORPORATION

(No. 12593)

Submitted September 13, 1966. Decided November 1, 1966.

*Benjamin D. Tissue,* for appellant.

No appearance for appellees.

CAPLAN, PRESIDENT:

This is an appeal by the employer, Union Carbide Corporation, a corporation, from an order of the Workmen's Compensation Appeal Board entered May 5, 1966, which affirmed the order of the State Workmen's Compensation Commissioner, dated December 10, 1965, granting the claimant, C. W. Haines, an award of 33% permanent partial disability for the partial loss of vision of his right eye.

This proceeding was submitted for decision on September 13, 1966, upon the petition of the employer, the record of this proceeding before the commissioner and the appeal board, and the brief filed on behalf of the employer. There has been no appearance in this Court on behalf of the claimant.

The claimant was employed as an operator by Union Carbide Corporation at its plant in Institute, West Virginia. During the course of his employment the claimant, on February 7, 1963, suffered a chemical burn to his eyes as a result of an explosion which

dispersed sodium. He received medical treatment at the Shepherd Hospital and recovered sufficiently to return to his employment on May 1, 1963. Total temporary payments were made to this claimant for 11-5/7 weeks.

By letter of March 9, 1965, the commissioner referred the claimant to Doctor George Hamrick, of Charleston, for examination and evaluation of his disability. Doctor Hamrick submitted his report on May 26, 1965, wherein he stated that the injury had reduced the visual acuity of the right eye to 20/200. He further reported that the claimant, having reached the maximum degree of improvement, was in need of no further medical treatment. In Doctor Hamrick's opinion the claimant was entitled to an award of permanent partial disability in the amount of 20%.

Shortly thereafter the commissioner, in a letter to Doctor Hamrick, said "* * * in view of the uncorrected vision of the right eye being 20/200 which we consider as being industrial blindness, the claimant would be entitled to a 33% award rather than the 20% as recommended in your report." This was followed on June 23, 1965, by an order of the Commissioner granting the claimant a 33% permanent partial disability award. The employer filed a protest and the matter was set for hearing.

The hearing consisted only of the testimony of Doctor Hamrick, wherein he reaffirmed his opinion that the claimant was entitled to a 20% permanent partial disability award. He further expressed his disagreement with a "Snellen chart", which was introduced as an exhibit by the employer and upon which the employer alleges the commissioner's award was based.

On December 13, 1965 the commissioner entered an order affirming his order of June 23, 1965, wherein the claimant was granted a 33% permanent partial disability award. The order contained the following

language: "* * * it being the opinion and long standing policy of the Department that uncorrected visual loss of 20/200 is and should be considered industrial blindness and any claimant suffering such loss should be compensation for the entire loss of the eye; * * *."
Upon timely appeal by the employer, the Workmen's Compensation Appeal Board affirmed the order of the commissioner. It is from this action of the appeal board that this appeal is prosecuted.

On this appeal the employer contends that the order of the appeal board is arbitrary, capricious and is not supported by either the law or the evidence; that the appeal board has totally ignored the only evidence indicating the medical basis for the determination of an award; and that the final order of the appeal board is erroneous in that it attempts to govern the disposition of this claim by a policy of the department which has never been reduced to writing under the commissioner's rule making authority, as prescribed by law, rather than by the law and evidence.

Clearly, under the evidence, this claimant has sustained an injury which has resulted in some degree of permanent partial disability. The commissioner has ruled that the claimant is entitled to a 33% award. The employer's evidence, the only medical testimony offered in this proceeding, acknowledges the claimant's permanent partial disability, but places the award at 20%. The employer takes the position that its evidence, being the only medical evidence, is binding on the commissioner. While the ruling of the commissioner must be based upon the evidence, it is his prerogative, not that of the examining physician, to determine the amount of the award, if any, to which the claimant is entitled. "There is no provision in the workmen's compensation law giving a physician or surgeon, even if he be an official examiner for the director, the power or authority to fix the degree of disability in any case. That is the responsibility of the director alone. Therefore, in evaluating the dis-

ability of a claimant it is his duty to examine the physical findings of the examining physicians and determine from that and all of the other evidence in the case what award, if any, claimant should be granted." *McGeary v. State Compensation Director,* 148 W. Va. 436, 135 S. E. 2d 345. See also *Kamensky v. State Compensation Commissioner,* 148 W. Va. 258, 134 S. E. 2d 582. Therefore the commissioner's finding is not limited to the specific percentage designated by the physician, but may be made from the physical findings of the examining physician and all other evidence in the case.

In determining the percentage of disability, however, the commissioner is limited to and must abide by the workmen's compensation statutes. The right to workmen's compensation benefits is wholly statutory and no payment can be made in excess of the amount provided by statute. The instant case involves an injury to the claimant's eye resulting in the partial loss of vision. This is a matter fully covered by Code, 1931, 23-4-6(d), as amended, which provides, where pertinent, as follows:

"The total and irrecoverable loss of the sight of one eye shall be considered a thirty-three percent disability, * * *.

"For the partial loss of vision in one, or both eyes, the percentage of disability shall be determined by the commissioner, using as a basis the total loss of one eye."

Applying the provisions of this statute to the facts of the instant case, as disclosed by the evidence, the claimant clearly does not qualify for the benefits prescribed in the first paragraph quoted above. In order to be entitled to the 33% award, granted by the commissioner, there must have been evidence of the total and irrecoverable loss of the sight of one eye. There is no evidence of such total loss in this case. In fact, there is no contention by the claimant that he is totally

blind in his right eye. Therefore, it is incumbent upon the commissioner, in determining the disability award, to apply the second paragraph of the statute quoted above and, in so doing, he must use as a basis the total loss of one eye. Since the claimant has partial vision of his right eye the award must be in some amount less than the 33% prescribed for total loss thereof. See *Holstein v. State Compensation Director*, 150 W. Va. 315, 145 S. E. 2d 455.

The foregoing is in accord with former decisions of this Court, as demonstrated by Point 2 of the Syllabus of *Dunlap v. State Compensation Director, et al.*, 149 W. Va. 266, 140 S. E. 2d 448, which reads as follows: ''The right to workmen's compensation benefits is wholly statutory. Under the workmen's compensation statutes of this state, a claimant has a right to receive benefits and the director of workmen's compensation is authorized to pay benefits to a claimant in no greater amount than is expressly authorized by statute.''

The employer complains that it was error for the commissioner to have based his findings on ''long standing policy''. It says that if there were such policy it would be tantamount to a rule of the commissioner which must, by statute, be filed in the office of the Secretary of State. We perceive no validity in this complaint. A policy of the commissioner applied in arriving at a decision in a case is not such rule as is contemplated by the provisions of Code, 1931, 29A-1-1, as amended, and 29A-2-1, as amended. However, any policy adopted and applied by the commissioner must conform to law. In the instant case the policy of the department that uncorrected visual loss of 20/200 constitutes industrial blindness and entitles the claimant to the full award for the total and irrecoverable loss of the sight of one eye is in clear conflict with the above quoted provisions of Code, 1931, 23-4-6(d), as amended, and can not stand.

We find, for the reasons stated herein, that the ruling of the Workmen's Compensation Appeal Board is clearly wrong. Therefore, such ruling is reversed, and the case is remanded with directions to enter a proper order directing the commissioner to determine the award to which the claimant is entitled in accordance with the applicable provisions of Code, 1931, 23-4-6(d), as amended.

*Reversed and remanded*
*with directions.*