ACIE TAYLOR

*v.*

WORKMAN'S COMPENSATION COMMISSIONER, AND ISLAND CREEK COAL COMPANY

(No. 12578)

Submitted September 13, 1966. Decided December 6, 1966

*Patrick J. Flanagan,* for appellant.

*Estep, Smith & Eiland, Edward I. Eiland,* for appellee.

BROWNING, JUDGE:

Claimant, Acie E. Taylor, sustained an injury to his back, described as "acute lumboscacral strain", on February 20, 1962, while at work for his employer, Island Creek Coal Company. The claim was held compensable on May 25, 1962, which ruling was protested by the employer and a hearing held after which the commissioner affirmed his previous ruling on January 14, 1963. While the compensability of the claim was in litigation claimant was treated conservatively, the treating physician noting that "This man also shows considerable anxiety reaction . . ." and had been referred to a member of the Bluefield Mental Health Group who was of opinion that "he had an anxiety reaction with conversion tendency."

On March 20, 1963, claimant was referred to Dr. Smith at Welch for an examination as to any permanent disability. Dr. Smith reported that "This is an extremely difficult patient to evaluate because one cannot determine how much of his complaints . . . are actual and how much is a figment of a possible psychoneurosis. It is my opinion that there is a very large functional overlay present in this case and before I would undergo any type of treatment I would earnestly recommend that this patient have a thorough psychiatric examination." Claimant was thereupon referred to Dr. David Wayne who reported on May 10, 1963, a diagnosis of "Conversion reaction, chronic,

severe." and requested authorization to perform certain psychological tests which was granted by the commissioner. Dr. Wayne later reported a diagnosis of "Psychoneurotic reaction, conversion reaction." Claimant was again referred to Dr. Smith who, confining himself to a strictly physical examination, recommended a five per cent permanent partial disability award which the commissioner granted on November 13, 1963.

On May 1, 1964, claimant applied for reopening, submitting in support thereof the report of Dr. Murray Glickman, who found some pathology about the level of the fourth and fifth lumbar vertebrae and felt that an exploratory operation was justified. The commissioner found that a proper showing for reopening had been made, reopened the claim, and again referred claimant to Dr. Smith. Dr. Smith again recommended five per cent, but requested further neurosurgical and psychiatric examinations. Dr. Wayne, a psychiatrist, again found a "conversion reaction, chronic, severe" and stated "the psychiatric aspects of this illness have created a total incapacity in this individual." Dr. Gage, a neurosurgeon, found no "objective organic disability". On September 14, 1964, the commissioner requested Dr. Wayne's opinion as to whether the psychiatric aspect of claimant's condition was directly attributable to his injury of September 20, 1962, to which Dr. Wayne replied in the affirmative. The commissioner thereafter granted claimant a total permanent disability award which was protested by the employer and hearings were held, which merely reflected the facts already shown in the record, after which the commissioner affirmed his previous order. On appeal, the workmen's compensation appeal board reversed the commissioner, holding that claimant had been fully compensated for his injury, to which order this Court granted an appeal on June 13, 1966.

The question before this Court is not whether the workmen's compensation commissioner was correct

or incorrect in making an award of total permanent disability to this claimant. The question before us is whether or not the workmen's compensation appeal board was clearly wrong in setting aside that order. This Court has held that under the statute the finding of the commissioner wholly disappears upon appeal with all presumptions which might have attached thereto. The appeal board displaces the commissioner, and becomes the sole fact finding body to be thereafter considered in the case. The order of the appeal board wholly supersedes that of the commissioner for all purposes. *Dillon v. State Comp. Comm'r.*, 129 W. Va. 223, 39 S. E. 2d 837, and many cases both before and after that decision to the same effect. However, the rule is different upon appeal from the board to this Court. An order of the board will not be disturbed by this Court unless it is clearly wrong. *McGeary v. Comp. Director*, 148 W. Va. 436, 135 S. E. 2d 345, and many cases cited in the opinion thereof.

This record clearly shows that after being paid compensation upon a temporary total disability basis for approximately 88-2/7 weeks the claimant was given a five per cent permanent partial disability award on November 13, 1963. In order to make a showing thereafter for reopening of his claim it was necessary for the claimant, under the provisions of Code, 23-5-1a, to show a progression or aggravation in his condition ''or some other fact or facts which were not theretofore considered by the commissioner in his former findings'', and which would entitle him to a greater award of compensation than that theretofore granted. It is evident from a review of the record in this case that the commissioner based his determination of a total permanent disability upon a letter or report of Dr. Wayne, dated September 8, 1964, in which he stated that the ''psychoneurotic reaction, conversion reaction'' was due to the original injury of February 20, 1962. No medical witness had theretofore made that statement. However, Dr. Wayne testified at a hearing on September 23, 1965, which

followed the protest of the employer to the life award, and stated that he had seen the claimant July 13, 1962, May 3, 1963, June 18, 1963, and September 4, 1964. He was asked these questions and made these answers:

"Q. What was the degree of his conversion reaction when you saw him May 3, 1963?

"A. We estimated it being severe.

"Q. Then you saw him again June 18, 1963. Was it severe then?

"A. Yes, it was severe then.

"  . . .

"Q. *And his condition has been severe since May 3, 1963?*

"A. *That is right.*

"Q. *It has been substantially the same all the time?*

"A. *Yes, as far as we have been able to determine.*" (Italics supplied.)

It will be observed that if the condition which Dr. Wayne found prior to November 13, 1963, when the five per cent award was granted, was due to the claimant's injury he would have been entitled to total permanent disability rather than a five per cent award. It may be noted further that Dr. Wayne's findings prior to the date of the five per cent award were exactly the same as those subsequent thereto. To repeat, the only new "fact" before the commissioner was the statement by Dr. Wayne that this condition was due to the injury.

In *Blevins v. Comp. Comm'r.*, 127 W. Va. 481, 33 S. E. 2d 408, the primary issue to be determined by this Court was whether the commissioner had before him at the time he made a fifty-five per cent award the same evidence upon which he later reopened the claim and granted additional compensation. In

that opinion it was stated: ''As stated above, not one of the physicians who examined him subsequent to the 55% award, even assumes to say that there had been any aggravation or progression; and we do not think any one of them developed any new fact not considered prior to the former award. It may be that claimant was not given the award to which he was entitled on June 28, 1943. There is much in the record indicating that his condition was at that time one of total and permanent disability, and had the commissioner so held, and his holding been affirmed by the appeal board, it is not at all unlikely that this Court, under the rules followed in such cases, would have permitted the award to stand. But the compensation commissioner did not make such an award. He held that claimant's then condition warranted a 55% disability award, and claimant accepted that award without protest. A further award can only be made on a showing of aggravation, progression, or some new fact not theretofore considered, and that showing has not been made.'' Certain it is that everything appeared in the record of this case that was necessary to an award of total permanent disability, including the reports of the same Dr. Wayne, who testified at the hearing subsequent to the total disability award, and from what was said in the *Blevins* case we must presume that the commissioner considered that testimony at the time he awarded the five per cent permanent partial disability. That being so there was no showing of progression or aggravation or of any new fact not theretofore considered unless it can be said that the statement of Dr. Wayne that the condition which he previously described as being due to the injury was ''a new fact''. We believe that question was answered in the recent decision of *McGeary v. Comp. Director*, 148 W. Va. 436, 135 S. E. 2d 345, in which the Court said: ''There is no provision in the workmen's compensation law giving a physician or surgeon, even if he be an official examiner for the director, the power or the authority to fix the degree of disability in any case.

That is the responsibility and duty of the director alone. Therefore, in evaluating the disability of a claimant it is his duty to examine the physical findings of the examining physician and determine from that and all of the other evidence in the case what award, if any, claimant should be granted.'' We must presume that he performed that function and we must further presume that the claimant knew that this testimony was in the record and, if he was dissatisfied with the five per cent award, he should have protested thereto and asked for a hearing. He did not do so, and it is the opinion of this Court that he is now foreclosed from a further consideration of the case upon the present record.

The order of the workmen's compensation appeal board of March 1, 1966, reversing and setting aside the order of the workmen's compensation commissioner of November 3, 1965, granting the claimant an award of total permanent disability, is affirmed and this decision will be certified to the board and to the workmen's compensation commissioner.

*Affirmed.*