JACK BRAGG

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER
AND OMAR MINING COMPANY

(No. 12774)

Submitted February 4, 1969.    Decided March 11, 1969.

*Grubb & Wilson, Amos C. Wilson,* for appellant.

*Estep, Smith & Eiland, Edward T. Eiland,* for appellee.

CAPLAN, JUDGE:

This is an appeal by the claimant, Jack Bragg, from an order of the Workmen's Compensation Appeal Board, dated

July 9, 1968, wherein the board affirmed an order of the Workmen's Compensation Commissioner holding that the claimant had not made a proper showing for a reopening of his claim.

During his employment with Omar Mining Company, the claimant, on July 23, 1958, suffered an injury to his back. He reported that at the time of the injury he felt a sudden sharp pain in his lower back for which he was treated temporarily by the company doctor. Subsequently, when his back injury failed to respond to treatment, he was hospitalized on two occasions for a total confinement of four weeks. During this hospitalization he received conservative treatment. Thereafter he returned to work for Omar Mining Company but was laid off as a result of a reduction in the employer's labor force.

In April, 1959 the claimant went to Cleveland, Ohio, where he obtained employment with Republic Steel Company. He testified that he worked as a bundler of steel bands which was light work and required no heavy lifting. He continued in this employment until November, 1962, although he underwent disc surgery on October 13, 1959. Mr. Bragg has not worked since November, 1962 and has been receiving social security disability benefits since September, 1963.

The claimant was granted a 50% permanent partial disability award on December 19, 1961 and an additional 10% award on July 17, 1963. Subsequently, on April 30, 1964, the claimant applied for a further adjustment of his claim, supporting his application by a report of examination by Dr. F. M. Viscuse, wherein it was recommended that an award of total permanent disability be made. After reopening the claim the Commissioner ruled that the claimant had been fully compensated. Upon protest of that ruling, medical evidence was received, including reports of Dr. C. W. Stallard and Dr. E. R. Chillag, recommending a total permanent disability award. The Commissioner, on April 21, 1966, granted such award, but it was set aside by the Appeal Board on August 23, 1966, the board granting an additional 10% permanent partial disability. That ruling

was appealed to this Court but the application for appeal was refused.

On September 30, 1967 the claimant again sought to re-open this claim. Accompanying his application was a report of an examination of the claimant by Dr. Cesar J. Lesaca. Upon receiving this application, the Commissioner refused to reopen the claim and by order dated July 9, 1968, the Workmen's Compensation Appeal Board affirmed the Commissioner's ruling. It is from this order that the claimant prosecutes this appeal.

The obvious issue here is whether the claimant made a showing which warranted a reopening of his claim. This determination can be made only after examining the provisions of the pertinent statutes and the evidence presented by the claimant. Code, 1931, 23-5-1a, as amended, provides: "* * * where an injured employee makes application in writing for a further adjustment of his claim * * * and such application discloses cause for a further adjustment thereof, the commissioner shall, after due notice to the employer, make such modifications or changes with respect to former findings * * * as may be justified * * *." It is therein further provided that if either party be dissatisfied with any modification he may object and shall be entitled to a hearing.

Section 1b of the above statute provides the conditions under which the Commissioner will be justified in reopening the claim for further adjustment. It reads, in part, as follows: "If, however, in any case in which application for further adjustment of a claim is filed under the next preceding section [§23-5-1a], it shall appear to the commissioner that such application fails to disclose a progression or aggravation in the claimant's condition, or some other fact or facts which were not theretofore considered by the commissioner in his former findings, and which would entitle such claimant to greater benefits than he has already received, the commissioner shall, within sixty days from the receipt of such application, notify the claimant and the employer that such application fails to establish a prima facie cause for reopening the claim."

The claimant, of course, takes the position that his petition and the report of examination submitted therewith show a progression in his condition which satisfies the requirements set out in Section 1b and warrants a reopening of his claim. The employer, on the other hand, contends that the showing made by the claimant does not satisfy the requirements of the statute. It asserts that in order to justify a further adjustment of the claim the claimant must show not only a progression or aggravation in the claimant's condition which would entitle such claimant to greater benefits than he has already received, but he must also show that any further physical impairment reduces his ability to work. Only if his ability to work were reduced, says the employer, would the claimant be entitled to greater benefits than he has already received.

We reject the employer's theory in this case for the reason that, in our opinion, its acceptance would necessitate our reading an additional requirement into the statute. The claimant would be obligated to show not only that his condition has worsened but by some means would have to prove to the satisfaction of the Commissioner that his ability to work has been reduced. This, the legislature did not require when enacting this statute, although it easily could have done so if it had so intended.

The right to workmen's compensation benefits is wholly statutory. *Haines* v. *Workmen's Compensation Commissioner,* 151 W. Va. 152, 150 S. E. 2d 883; *Dunlap* v. *State Compensation Director,* 149 W. Va. 266, 140 S. E. 2d 448. Therefore, claims, awards, reopening of claims and all such matters must be considered and determined in accordance with the provisions of the appropriate compensation statute. Such statutes, where plain and unambiguous, will not be construed but will be applied by the courts to accomplish what the legislature clearly intended to do. *Dunlap* v. *State Compensation Director,* 149 W. Va. 266, 140 S. E. 2d 448. See also *Owens-Illinois Glass Co.* v. *Battle,* 151 W. Va. 655, 154 S. E. 2d 854 and *Moore* v. *Hardesty, State Tax Commissioner,* 147 W. Va. 611, 129 S. E. 2d 722.

By its enactment of Code, 1931, 23-4-16, as amended, the legislature clearly provided and intended that a claim, under proper proof and within certain limitations of time, can be reopened. Section 1a of Code, 1931, 23-5, as amended, provides that the Commissioner, upon a proper showing, may make a further adjustment of an employee's claim. Section 1b of said chapter and article provides that an application for reopening must disclose a progression or aggravation in the claimant's condition or some fact not theretofore considered by the commissioner "which would entitle such claimant to greater benefits than he has already received." It is the foregoing quoted portion of the statute which the employer would interpret "and which further reduces the ability of the claimant to work." This the legislature did not say and we will not so construe the statute.

Were the interpretation of Section 1b, as suggested by the employer, accepted and applied, the claimant in petitioning for a reopening would be faced with a requirement not contained in the statute. How would he prove that his ability to work has been further reduced, other than to show that his condition, by reason of his compensable injury, has become worse? How could he show the extent to which his ability to work has been reduced? These are matters to be developed at a hearing if the employer protests the ruling of the Commissioner. The employer is entitled to and the statutes provide that he shall have his day in court, if he so desires. This decision does not deny that right.

In the instant case the claimant has received a 70% permanent partial disability award. He has not been declared to be totally disabled and has not been so compensated. Under the employer's theory this claimant, because he has been unable to work, is totally and permanently disabled; yet he may be paid only on the basis of 70% disability. This does not comport with justice, nor does it reflect the purpose for which the workmen's compensation statutes were enacted. This Court, in *Walk* v. *State Compensation Commissioner*, 134 W. Va. 223, 58 S. E. 2d 791, said: "* * * the workmen's compensation statute of this State must be given a liberal interpretation in order that

its beneficent purposes may not be defeated by a strict construction of its terms." Supporting this well established tenet are the decisions in *Burgess* v. *State Compensation Commissioner,* 121 W. Va. 571, 5 S. E. 2d 804; *Martin* v. *State Compensation Commissioner,* 111 W. Va. 420, 162 S. E. 486; *Vandall* v. *State Compensation Commissioner,* 110 W. Va. 61, 158 S. E. 499; and *Kincannon* v. *State Compensation Commissioner,* 107 W. Va. 533, 149 S. E. 665. So long as an award of a claimant falls short of total permanent disability, he has a right under law to petition for a further adjustment of his claim, if he does so in compliance with the law. Code, 1931, 23-4-16, as amended; Code, 1931, 23-5-1a and 1b, as amended.

Here the claimant has filed a timely petition for a further adjustment of his claim. He has alleged therein that his condition has become worse and has submitted in support thereof the report of a doctor. This petition, with its medical report, must be examined to determine the adequacy of the showing for a further adjustment of his claim.

In numerous decisions this Court has consistently held that it is the duty of the Commissioner to construe liberally the evidence in favor of a claimant for workmen's compensation. *Justice* v. *State Compensation Director,* 149 W. Va. 216, 140 S. E. 2d 424; *Buckalew* v. *State Compensation Director,* 149 W. Va. 239, 140 S. E. 2d 453; *McGeary* v. *State Compensation Director,* 148 W. Va. 436, 135 S. E. 2d 345; *Williams* v. *State Compensation Commissioner,* 127 W. Va. 78, 31 S. E. 2d 546; *Burgess* v. *State Compensation Commissioner,* 121 W. Va. 571, 5 S. E. 2d 804. While there have been many examinations of this claimant and many reports submitted in relation to his physical condition, our concern here is whether the report of Dr. Lesaca makes a prima facie showing for a reopening of this claim. Specifically, is there a showing of progression or aggravation in the claimant's condition or are there new facts not heretofore considered by the Commissioner?

The report of Dr. Cesar J. Lesaca, dated September 27, 1967, submitted to the Commissioner in support of the claimant's petition to reopen his claim contains the follow-

ing statements: "* * * The Low back pain radiates to both legs which is now worse on the left. It was worse on the right leg before the operation. * * * There is marked weakness of extension of the left big toe. * * * I have examined previous medical reports on this man and I find that his condition has become worse. He has definite residuals of his ruptured intervertebral disc and has shown no improvement in spite of the operation. In fact, he has now signs and symptoms of a ruptured intervertebral disc with sciatic involvement on the left side which apparently was not prominent many years ago during or after his operation. He now has definite limitations of motion of the neck and shoulders probably due to traumatic arthritis, a condition which was not prominent during his previous examinations and report. * * * The sciatic involvement on the left side is now more prominent, a condition that was not pronounced in his previous reports. * * * Because of the progression of his symptoms and the presence of additional signs and symptoms, this man is at present completely disabled * * *."

It is quite clear that there are many statements in Dr. Lesaca's report which point up the worsening of the claimant's condition. His frequent use of the word "now" reflects a change in his condition since his last award. Although the employer endeavors to show that the matters covered by this report were considered in previous examinations, we are of the opinion that many of the subject statements are not controverted by anything to the contrary in the record. They constitute a prima facie showing of progression and aggravation and warrant the reopening of this claim. Application of the liberality rule, alluded to above, at least, demands this result.

We are well aware of the general rule that the finding of the Appeal Board will not be set aside unless it appears from the proof upon which the board acted that the finding was plainly wrong. However, when the order of the Appeal Board is plainly wrong it will be reversed and set aside by this Court. *Haines* v. *Workmen's Compensation Commissioner*, 151 W. Va. 152, 150 S. E. 2d 883; *Buckalew* v. *State Compensation Director*, 149 W. Va. 239, 140 S. E. 2d 453;

*McGeary* v. *State Compensation Director,* 148 W. Va. 436, 135 S. E. 2d 345.

For the reasons stated herein, the order of the Workmen's Compensation Appeal Board is reversed and the case is remanded to the Workmen's Compensation Commissioner with directions that he reopen this claim for further development.

*Reversed and remanded with directions.*