331 S.E.2d 858

**George E. CONNER**

v.

**CIVIL SERVICE COMMISSION for the State of West Virginia, et al.**

**No. 16439.**

Supreme Court of Appeals of West Virginia.

June 12, 1985.

J. Bradley Russell, Asst. Gen., Charleston, for appellant.

Allen & Cline, Michael R. Cline, Charleston, for appellee.

PER CURIAM:

The appellant Civil Service Commission appeals from an order of the Circuit Court of Kanawha County which substantially increased the attorney fee award granted a covered employee who successfully challenged his discharge from $6,272.40, the amount awarded by the CSC, to $12,936.40. The CSC contends that the circuit court erred in departing from an attorney fee schedule duly promulgated by the CSC to govern the award of attorney fees to prevailing employees in CSC cases. We agree, and reverse the decision of the circuit court.

The appellee, George E. Conner, with the assistance of retained counsel, won reinstatement following discharge from his civil service position. Thereafter, the appellee submitted an attorney fee request for 205.4 hours at $85 per hour for a total of $17,-836.40. Following its review of this request, the CSC reduced the number of hours compensable to 190.4 and applied its fee schedule of $40 per hour for in-court time and $30 per hour for non-court time for a total of $6,272.40.

The appellee appealed this award to the Circuit Court of Kanawha County, which increased the award as noted to $12,936.40, corresponding to an allowance of $75 per hour for in-court time and $65 per hour for non-court time. The circuit court justified this increase by finding that the appellee's attorney possessed exceptional skill in the administrative law area and exerted an extraordinary effort in his representation of the appellee.

The right of a civil service employee to reimbursement for legal expenses is contained in West Virginia code § 29-6-15 (1977 Replacement Vol.):

If the commission finds that the action complained of was taken by the appointing authority without good cause, the employee shall be reinstated to his former position or a position of like status and pay, without loss of pay for the period of his suspension and awarded his reasonable and necessary attorneys' fees expended therein, such fees to be paid by the appointing authority . . . .

We have previously recognized the importance of providing for reasonable attorney fees in this context. In *Orndorff v. West Virginia Department of Health*, 165 W.Va. 1, 267 S.E.2d 430, 432 (1980), we said:

One obvious purpose of a provision for reasonable attorney fees is to provide a measure of restitution to a civil service employee who has been wrongfully discharged or suspended and, as a result, forced to hire an attorney to seek redress. Equally apparent is another goal, to provide an inducement to the employee who has been wrongfully discharged to challenge the action since, if successful, he is relieved of the burden of paying reasonable attorney fees.

It should be noted, however, this section provides, not just for attorney fees, but for "reasonable" attorney fees. Obviously, the determination of what is "reasonable" in a particular case is not without difficulty. Therefore, the CSC has promulgated a fee schedule in order to provide both certainty and continuity for attorney fee reimbursement. The Commission draws upon its experience in this area of administrative law and procedure in making this determination. It is acutely aware of the skill and

expertise required for participation in this sector of administrative practice. Appellee suggested that the CSC did not comply with proper rule making procedures in setting the fee schedule; however, a careful reading of the record did not disclose any specific noncompliance. Appellee merely set forth the definitions of "rule" and "rule making", and the purpose of the Administrative Procedures Act.

■ This Court addressed a similar situation in *Haines v. Workmen's Compensation Commissioner*, 151 W.Va. 152, 150 S.E.2d 883 (1966), wherein an employer complained that it was error for the workmen's compensation commissioner to have based his findings on "long standing policy." The employer suggested further that if there were such a policy, it would be tantamount to a rule, which must, by statute, be filed in the office of the Secretary of State. The Court stated, however, "We perceive no validity in this complaint. A policy of the commissioner applied in arriving at a decision in a case is not such rule as is contemplated by the provisions of Code, 1931, 29A–1–1, as amended, and 29A–2–1, as amended. However, any policy adopted and applied by the commissioner must conform to law." *Id.*, 151 W.Va. at 157, 150 S.E.2d at 886. Similarly, the fee schedule as set by the CSC is not such rule as is contemplated by the Administrative Procedures Act.

This Court, in *State ex rel. Barker v. Manchin*, 167 W.Va. 155, 279 S.E.2d 622 (1981), stated that "Once an executive officer or agency has made and adopted valid rules and regulations pursuant to grant of legislative powers, rules and regulations take on force of statutory law." The rate of compensation was $40 per hour for in-court time and $30 per hour for non-court time during the period of September 9, 1980, through July 1, 1984. The above fee schedule was in place when this suit was brought.

This fee schedule is not a static entity. It is reevaluated and changed periodically to maintain the "reasonableness" requirement. For instance, prior to September 9, 1980, the rate of compensation was $30 per

hour for in-court time and $20 per hour for non-court time. As of July 1, 1984, the rates increased to $45 per hour for in-court time and $35 per hour for out-of-court time.

Appellee's counsel provided the testimony of two attorneys before the Kanawha County Circuit Court. Both testified as to the high overhead costs for law practice in Kanawha County. Clearly, the commission's periodic adjustment of the schedule for attorney fees must take into consideration the increased costs of a legal practice, in addition to any increments in the skill required for administrative practice.

■ The commissioner's determination of "reasonable" attorney fees cannot be altered by the circuit court unless, pursuant to West Virginia. Code § 29A–5–4(g) (1977 Replacement Vol.), the administrative decision is:

(1) In violation of constitutional or statutory provisions; or

(2) In excess of the statutory authority or jurisdiction of the agency; or

(3) Made upon unlawful procedures; or

(4) Affected by other error of law; or

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized abuse of discretion or clearly unwarranted exercise of discretion.

*See also* Syl. pt. 2, *Shepherdstown Volunteer Fire Dept. v. Human Rights Commission*, 172 W.Va. 627, 309 S.E.2d 342 (1983).

The circuit court's order is silent as to which of the aforementioned grounds provided it with the authority to modify the award of attorney fees. In the absence of a reason premised in the provisions of the Administrative Procedure Act the fee schedule cannot be overturned.

We conclude, therefore, under the facts of this case that the fees set by the Civil Service Commission are reasonable and that the circuit court was without authority to modify those fees. In a review of its fee schedule the Civil Service Commission should promulgate rules on the rate of compensation to attorneys after hearing

evidence thereon and upon proper notice by members of the West Virginia State Bar.

Reversed.