IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

BECKLEY APPALACHIAN REGIONAL HEALTHCARE,
Employer Below, Petitioner,

FILED
November 15, 2022

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

vs.)    No. 22-ICA-31        (JCN: 2021010291)

BARRY LEVIN,
Claimant Below, Respondent

**MEMORANDUM DECISION**

Petitioner Beckley Appalachian Regional Healthcare ("BARH") appeals the July 13, 2022, decision of the West Virginia Workers' Compensation Board of Review ("Board"). Respondent Barry Levin filed a timely response.[1] Petitioner did not file a reply brief. The issue on appeal is whether the Board erred in reversing the claim administrator's order and in reinstating temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Dr. Levin, an orthopedic surgeon, contracted Covid-19 during the course of his employment as he treated patients.[2] He stopped working on July 31, 2020, when he was hospitalized for several weeks as a result of severe Covid-related pneumonia with acute respiratory failure and placed on a ventilator, among other complications. On August 20, 2020, he was discharged to a rehabilitation facility for another nineteen days where he was treated for a variety of additional diagnoses, including but not limited to severe weakness, muscle atrophy, poor endurance, chronic pain, new onset of dyspnea, and hypoxia. He was discharged home with occupational therapy, physical therapy, as well as nursing and other home health services. On January 14, 2021, his claim was held compensable for "Covid-19, Virus Identified Is Assigned to a Disease Diagnosis of Covid-19 Confirmed by Laboratory Testing."

---

[1] Petitioner is represented by Charity K. Lawrence, Esq. Respondent is represented by Reginald D. Henry, Esq.

[2] BARH and the claim administrator did not dispute that Dr. Levin contracted Covid-19 in the course of, and as a result of, his employment.

1

On September 17, 2021, Dr. Levin underwent an independent medical examination ("IME") by Joseph Grady, M.D. who noted that Dr. Levin's original course of Covid-19 was more respiratory and, to a lesser degree, cardiac, and both had improved. At the time of the IME, Dr. Levin's chief complaint involved his lower extremities, including weakness and fatigue while standing and walking. Dr. Grady noted that Dr. Levin's medical records revealed a history of peripheral vascular disease. He noted that Dr. Levin's fatigue could be reasonably associated with the Covid-19 infection as "long Covid" but felt that it may be "superimposed" upon the known peripheral vascular disease. Dr. Grady opined that Dr. Levin no longer had an active Covid-19 infection and found him to be at maximum medical improvement.[3] On that basis, the claim administrator suspended the claim for TTD benefits on September 21, 2021, and then closed the claim on October 29, 2021.

Dr. Levin protested the decision and submitted additional evidence, including medical records describing treatment he received for his ongoing Covid-19 related symptoms from February 2, 2021, through February 24, 2022, which documented severe dyspnea on exertion, post Covid cough, and that he was unable to return to work due to his inability to take orthopedic calls and stand for surgery. As of February 2022, Dr. Levin still had a "slow tentative pace and felt unsteady when standing or walking" and was referred to physical therapy to improve his gait, strength, and balance. His treating physician, Richard Wisman, M.D., stated that he "had severe covid pneumonia in Aug 2020—was on mechanical ventilation for over a week—had a long rehab stint and has been left with residual dyspnea, weakness especially of legs and fatigue—was unable to rtw [return to work] as a staff orthopedic surgeon—he continues to improve by increments and I do not feel that [claimant] has reached maximum medical improvement as of yet as he suffers from long haul covid." Attending Physician's Reports dated February 2, 2021, through August 16, 2021, also indicated that Dr. Levin was not at maximum medical improvement and was disabled for an unknown period starting August 1, 2020.

The Board considered the additional evidence and found that as of October 29, 2021, Dr. Levin had neither returned to work, nor had he been released to work. Moreover, it found that the only evidence indicating that he had reached maximum medical improvement was Dr. Grady's opinion, which was undercut by his admission that Dr. Levin's fatigue could reasonably be associated with long Covid, and that the maximum improvement applied only to the active Covid-19 infection, not to the extended sequelae or long Covid symptoms. Additionally, Dr. Wisman's records demonstrate that Dr. Levin was not able to return to work, was not at maximum medical improvement, and was still improving. As a result, the Board found that the evidence of record indicated that Dr.

---

[3] "'Maximum medical improvement' means a condition that has become static or stabilized during a period of time sufficient to allow optimal recovery, and one that is unlikely to change in spite of further medical or surgical therapy." W. Va. Code R. § 85-20-3.9 (2004).

Levin's fatigue was related to his compensable condition, that it caused him to be unable to perform his job duties, and that his condition was improving. The Board therefore reversed the claim administrator's order closing the claim for TTD benefits and ordered that TTD benefits continue to be paid from the date they were last paid through February 24, 2022 and continuing thereafter as substantiated by proper medical evidence. Petitioner now appeals.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-12a(b) (2022), as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, BARH argues that the Board's decision to reverse was in error because it misinterpreted the Independent Medical Examiner's opinions. BARH claims that because Dr. Grady opined that Dr. Levin had reached maximum medical improvement, his TTD claim was properly closed. BARH asserts that the Board ignored Dr. Grady's finding that Dr. Levin was at maximum improvement for long-term residual effects of his Covid infection and that there was no specific treatment for long Covid symptom manifestation and no further treatment to be done. BARH further claims that the Board incorrectly interpreted the compensable diagnosis in this claim to include long-haul Covid/post-Covid symptoms and sequelae, rendering the Board's overall interpretation of Dr. Grady's opinions as clearly wrong.

BARH further argues that once closed, the TTD claim cannot be reopened unless Claimant shows that his compensable condition has been aggravated or worsened, or presents some new facts not previously considered. W. Va. Code § 23-5-3 (2021); W. Va.

Code § 23-5-3(a) (2022); *Taylor v. State Workmen's Comp. Comm'r*, 151 W. Va. 409, 151 S.E.2d 283 (1966); *Harper v. State Workmen's Comp. Comm'r*, 160 W. Va. 364, 234 S.E.2d 779 (1977). BARH submits that Dr. Levin had reached maximum medical improvement for his compensable condition of Covid-19, that there was no evidence of progression or aggravation presented, and therefore the properly closed claim for TTD benefits could not be reopened. As discussed below, we are not so persuaded.

West Virginia Code § 23-4-7a (2005) suspends temporary total disability benefits, once commenced, at the earliest of the following events: (a) upon information that the claimant has reached his or her maximum degree of medical improvement; or (b) has been released to return to work; or (c) has actually returned to work. W. Va. Code § 23-4-1c (2009) provides that temporary total disability benefits are only paid during the healing or recovery period. *Allen v. State Workers' Comp. Comm'r*, 173 W. Va. 238, 314. S.E.2d 401 (1984).

After review, we find no error or abuse of discretion in the reasoning and conclusions of the Board. Pursuant to W. Va. Code § 23-4-7a, TTD benefits are only to be suspended when the claimant has reached maximum medical improvement, has been released to return to work, or has returned to work, whichever occurs first. In the instant case, the record is replete with evidence that Dr. Levin had not reached maximum medical improvement, was not released to return to work, had not returned to work, and could not return to work due to his compensable disease and therefore, the closing of his claim for TTD benefits was improper.

Accordingly, we affirm.

Affirmed.

**ISSUED:** November 15, 2022

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

4