IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**UPSHUR COUNTY COMMISSION,**
**Employer Below, Petitioner**

**FILED**
**December 6, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-232**          (JCN: 2023000539)

**JOHN M. COFFMAN,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Upshur County Commission ("UCC") appeals the May 8, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent John M. Coffman timely filed a response.[1] UCC did not reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order awarding Mr. Coffman a 0% permanent partial disability award ("PPD"), and instead ordering the claim administrator to grant him an 8% PPD award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Christopher Martin, M.D., performed an independent medical evaluation ("IME") of Mr. Coffman on February 21, 2023. Dr. Martin noted that Mr. Coffman, a Chief Deputy Sheriff, reported that he was shot in the right thigh while responding to an active shooter call on June 16, 2022. Mr. Coffman also stated that he had physical therapy from July until January and that he initially noted a significant improvement, but then his symptoms plateaued after November.

According to Dr. Martin, Mr. Coffman reported that his right leg felt weak when walking on inclines, that his leg ached with prolonged standing, that the exit wound remained tender to palpitation, that the exit wound scar was numb, and that he experienced a pulling sensation when his right leg was extended. Dr. Martin opined that Mr. Coffman had reached maximum medical improvement ("MMI") and noted that he had been working without restriction since January of 2023. Dr. Martin found no atrophy of the right thigh or

---

[1] UCC is represented by Charles R. Bailey, Esq., and Celeste E. Webb, Esq. Mr. Coffman is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq.

calf and that the right knee range of motion was full and painless. Using the American Medical Association's, *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("*Guides*"), Dr. Martin concluded that Mr. Coffman had 0% impairment based on Tables 37, 38, and 39 on page 77.

On March 1, 2023, the claim administrator issued an order granting Mr. Coffman a 0% PPD award based on Dr. Martin's report. Mr. Coffman protested this order.

On September 25, 2023, Bruce Guberman, M.D., performed a second IME of Mr. Coffman. Dr. Guberman opined that Mr. Coffman had reached MMI for the gunshot wound to the right thigh and injury to the right quadricep which occurred while he was at work on June 16, 2022. On neurological examination, Dr. Guberman found weakness in the flexion of the right hip and extension of the right knee. Dr. Guberman also noted decreased sensation around the exit wound scar.

Using Table 4 of the *Guides*, Dr. Guberman concluded that Mr. Coffman had 2% impairment for Grade 4 weakness in flexion of the right hip, and 5% impairment for Grade 4 weakness of extension of the right knee, which he combined for 7% whole person impairment ("WPI"). Dr. Guberman combined the 7% impairment for weakness in the right leg with a 1% impairment for numbness and tingling at the exit wound scar for a total of 8% WPI.

On May 8, 2024, the Board issued an order that reversed the claim administrator's order awarding a 0% PPD award, and instead ordered the claim administrator to award an 8% PPD award based on the report of Dr. Guberman. The Board found that the reports of Dr. Martin and Dr. Guberman were of equal evidentiary weight and adopted Dr. Guberman's report as the most persuasive. The Board noted that Dr. Guberman assessed 7% impairment due to Grade 4 weakness of the right knee and hip, and 1% impairment for the decreased sensation at the exit scar. In contrast, the Board noted that Dr. Martin found no thigh or calf atrophy and reported that Mr. Coffman's right hip and right knee range of motion was full and painless. It is from this order that UCC now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;

(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, UCC argues that Mr. Coffman appears to have made a full recovery, and that the 0% PPD award was consistent with the medical evidence. Further, UCC asserts that Dr. Martin's impairment rating is the most reliable and should have been adopted by the Board. Finally, UCC argues that pursuant to *Haines v. Workmen's Comp. Comm'r*, 151 W. Va. 152, 156, 150 S.E.2d 883, 885-86 (1966), the specific percentage of PPD must be based not just upon the physical findings of any single physician, but upon all evidence in the case. We disagree.

West Virginia Code § 23-4-1g (2003) provides, in part, that "[i]f after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted."

Moreover, as set forth by the Supreme Court of Appeals of West Virginia, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in reversing the claim administrator's order, which granted a 0% PPD award, and instead granting Mr. Coffman an 8% PPD award based on Dr. Guberman's report.

The Board found that the reports of Dr. Martin and Dr. Guberman were of equal evidentiary weight and adopted Dr. Guberman's report as the most persuasive. The Board determined Dr. Guberman's report was more persuasive because he assessed 7% impairment due to Grade 4 weakness of the right knee and hip, and 1% impairment for decreased sensation at the exit wound scar. In contrast, the Board noted that Dr. Martin found no thigh or calf atrophy and reported that Mr. Coffman's right hip and right knee range of motion were full and painless. Further, Dr. Martin assigned no impairment despite Mr. Coffman advising him of his right leg weakness and numbness at the exit wound scar. Finding no error, we defer to the Board's credibility determinations. *See Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 306, 465 S.E.2d 399, 408 (1995) ("We

cannot overlook the role that credibility places in factual determinations, a matter reserved exclusively for the trier of fact. We must defer to the ALJ's credibility determinations and inferences from the evidence. . . .").

Next, we turn to UCC's argument that under *Haines*, 151 W. Va. at 156, 150 S.E.2d at 885, PPD awards must be based not just upon the physical findings of any single physician, but upon all evidence in the case. However, this argument misconstrues *Haines*, which states that "in evaluating the disability of a claimant it is [the claim administrator's] duty to examine the physical findings of the examining physicians and determine from that and all of the other evidence in the case what award, if any, claimant should be granted." *Id*. at 156, 150 S.E.2d at 885. Here, there was no medical evidence in the record other than the reports by Dr. Martin and Dr. Guberman, and the Board considered both. Based on the foregoing, we find no merit in this argument.

Accordingly, we affirm the Board's May 8, 2024, order granting Mr. Coffman an 8% PPD award.

Affirmed.


**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

4